A. T. DENNISON *et al.*

*v.*

GEORGE H. TAYLOR *et al.*

*Filed at Ottawa May 12, 1892.*

1. NOTICE IN ATTACHMENT—*by mail—certificate of the clerk of mailing notice to two defendants.* In an action by attachment against A. T. Dennison and F. W. Dennison, shown to have been residents of Detroit, Michigan, the clerk made a certificate, as follows: "I * * * do hereby certify that on the 21st day of August, A. D. 188—, I sent by mail a notice, a copy of which is hereby attached, marked exhibit 'A,' to the following defendants, and addressed as follows: One copy to A. T. and F. W. Dennison, Detroit, Wayne county, Mich.:" *Held,* that the certificate was not a substantial compliance with the statute, but was so fatally defective as to fail to give the court jurisdiction.

2. The mailing of one copy of notice of publication to two non-resident defendants, not partners, by the clerk, could operate at best as service on one, not affecting the other, and the uncertainty which

defendant may have received the copy will render such service *prima facie* void as to both.

3. Same—*notice to partnership—how addressed.* Where the defendants in attachment are sued in their partnership name, it is probable that a notice mailed to the proper place and addressed to the partnership name would be sufficient.

4. Same—*presumption as to its receipt.* If a letter or notice is sent by the post it will be presumed that it was received by the person to whom it was directed, if living at the place and usually receiving letters there. But there is no presumption of a delivery of a single letter to both of two persons to whom it is directed, unless it be a delivery by way of a partnership or other agency.

5. Same—*addressed to two persons—duty of postal authorities.* If the postal authorities make one delivery of a letter, and that to a person to whom it is addressed, they will have fully discharged their duty, and their power is exhausted. If the letter is directed to two different persons, the duty will not devolve upon the postmaster to first give it to one and then take it to the other, nor would duty require a refusal to deliver it to either unless both are present. In such case authority to deliver to either person addressed will be implied.

6. Same—*recital of proof of the publication of notice—will not cure defect in the clerk's certificate.* A recital in the record of a judgment in attachment, as follows: "And now on this day come the plaintiffs in this suit, by their attorney, and present to the court due proof of publication of notice to the defendants of the pendency of this suit," is not sufficient to cure a defect in the clerk's certificate of the mailing of a copy or copies of the published notice, and to give the court jurisdiction. It may be, that before the statute required the sending of copies by mail, and made the same jurisdictional, such a recital might have been sufficient to give the court jurisdiction.

7. Same—*certificate of the clerk of mailing notice is essential to the jurisdiction of the court.* The duty of the clerk of the court to send a copy of the notice of the pendency of the attachment suit to the defendants therein is as positive as the publication of the notice itself for the requisite time, and the mailing of such notice, properly directed, is just as essential to confer jurisdiction on the court, in the absence of the defendants, to try the case. Neither may be omitted.

8. Same—*the fact of mailing notice must appear of record.* The sending of such notice by the clerk to the defendants by mail is one of the means the law has adopted to inform non-resident defendants of the action against them. Like the proof of the publication of the attachment notice, the fact that the clerk sent such notice to the defendants must affirmatively appear in the record.

9. Garnishee in attachment — *can not complain of error between plaintiff and defendant.* In respect to irregularities in the proceeding by attachment which amount to mere error in the controversy between the plaintiff and defendant in attachment, the garnishee has no right to complain. If the court has jurisdiction in the attachment suit to render judgment therein, mere errors or irregularities can only be questioned by the defendant in the attachment, and that, too, must be in a direct proceeding for that purpose. He may waive or insist on them, but the garnishee can not complain, for he will be protected in the payment of the judgment.

10. Same — *may complain of want of jurisdiction.* But where the defect goes to the jurisdiction of the court to act in the premises, and the question is, whether or not the tribunal assuming to act has jurisdiction of the subject matter or of the person of the defendant in attachment, the rule is otherwise. If the prior proceedings are void there is no sufficient basis to support a judgment against the garnishee, and he will not be protected in paying the same. Its payment in such case can not be regarded as compulsory, but will be treated as voluntary.

11. Whenever the facts are such as will require the reversal of the judgment against the defendant in attachment on the ground of a want of jurisdiction on writ of error brought by him, then a writ of error sued out by the garnishee to reverse the judgment against him must prevail. The garnishee may question the validity of the original judgment, which is essential to the right to render judgment against him.

12. Same — *action against is not collateral to the original action — validity of original judgment may be attacked.* A proceeding against a garnishee in a suit by attachment is not a collateral proceeding to the original action, and an attack on the validity of the judgment in the attachment by the garnishee is not an attack in a collateral proceeding, the suit against the garnishee being ancillary to the controversy between the plaintiff and the defendant in attachment. The garnishee suit grows out of, and is dependent upon, the result of the attachment suit.

13. Much that is in the record of an attachment proceeding is alike a part and parcel of the record in the garnishee proceeding, and of this kind are the judgment rendered against the defendant in attachment, and all portions of the record that have a bearing upon the matter of the jurisdiction in rendering such judgment. On writ of error by the garnishee to reverse the judgment against him, the validity of the judgment in the attachment is involved, and may be questioned directly.

Writ of Error to the Appellate Court for the First District; —heard in that court on appeal from the Superior Court of Cook county; the Hon. John P. Altgeld, Judge, presiding.

Messrs. Kraus, Mayer & Stein, for the plaintiffs in error:

The judgment against the attachment defendants is valid. The judgment is not open to a collateral attack by the garnishees for informalities. *Pierce* v. *Carleton,* 12 Ill. 359.

The clerk's certificate clearly means that he sent a copy of the notice to each of the defendants. Admitting, for the sake of the argument, that the certificate means that the clerk sent only a copy to "A. T. and F. W. Dennison," it is still clear that he sent one to each. How could he send a copy to two men without sending one to each? If the clerk's language be ambiguous, then an interpretation is to be put on it which accords with his having done his duty. *Greenman* v. *Harvey,* 53 Ill. 386; *Reed* v. *Moffatt,* 62 id. 300; *Turner* v. *Jenkins,* 79 id. 228.

If a letter is sent by the post, it is presumed, from the known course in that department of the public service, that it reached its destination at the regular time, and was received by the person to whom it was addressed. 1 Greenleaf on Evidence, sec. 40.

It is the settled law of this court, that where, as here, a judgment is assailed collaterally, the jurisdiction of the court over the persons of the defendants will be presumed, and this presumption applies equally to special statutory proceedings as to those at common law. *Pierce* v. *Carleton,* 12 Ill. 359; *Pile* v. *McBratney,* 15 id. 314; *Reddick* v. *Bank,* 27 id. 145; *Goudy* v. *Hall,* 36 id. 313; *Miller* v. *Handy,* 40 id. 448; *Hobson* v. *Ewan,* 62 id. 146; *Swearengen* v. *Gulick,* 67 id. 208; *Barnett* v. *Wolff,* 70 id. 76; *Bowen* v. *Bond,* 80 id. 351; *Harris* v. *Lester,* 80 id. 307, and cases there cited; *Hernandez* v. *Drake,* 81 id. 34; *Wenner* v. *Thornton,* 98 id. 156; *Matthews* v. *Hoff,* 113 id. 90; *Benefield* v. *Albert,* 132 id. 665.

Messrs. TENNEY, CHURCH & COFFEEN, for the defendants in error :

The judgment against the defendants in the attachment suit was void, and conferred no power to render judgment against the garnishees.

While a garnishee can not complain of mere error in the proceedings against the defendant, he must see to it, for his protection, that those proceedings are not void. *Pierce* v. *Carleton*, 12 Ill. 358.

If the judgment in the attachment is void, the judgment against the garnishee may for that cause be reversed for error. *Pierce* v. *Wade*, 19 Bradw. 185; *Car Roofing Co.* v. *Macey*, 115 Ill. 390; 2 Wade on Attachments, sec. 399; *Haywood* v. *Collins*, 60 Ill. 328; *Firebaugh* v. *Hall*, 63 id. 81; *Thormeyer* v. *Sisson*, 83 id. 188; *Likens* v. *McCormick*, 29 Wis. 313.

Mr. JUSTICE BAKER delivered the opinion of the Court:

In this attachment proceeding D. Blumenthal, H. S. Blumenthal and Louis Blumenthal, co-partners doing business as the American Paper Company, were plaintiffs in attachment, and A. T. Dennison and F. W. Dennison were defendants in attachment, and George H. Taylor and James T. Mix, defendants in error herein, were garnishees.   Said defendants in attachment were not sued as partners, but in the affidavit for attachment, attachment bond, bond for costs, attachment writ, return on attachment writ, notice by publication and declaration, they were simply designated as A. T. Dennison and F. W. Dennison.   They were sued as non-residents, the affidavit stating "that the said A. T. Dennison and F. W. Dennison are not residents of this State, and that their places of residence is at Detroit, Wayne county, Michigan."   There was no personal service on them or either of them, and no entry of appearance by them.   A judgment by default was entered against them for $1800 damages, and for costs.

Defendants in error answered as garnishees, and, among other things, denied any indebtedness to the defendants in attachment, but upon a trial on the issues joined, the finding was that they were indebted to the defendants in attachment in the sum of $1240.65. Thereafter a motion for a new trial, and then a motion in arrest of judgment, were severally made and denied, and thereupon the trial court rendered final judgment against them, as garnishees, for $1240.65, in favor of A. T. Dennison and F. W. Dennison, for the use of the plaintiffs in attachment, and awarded execution. Upon an appeal to the Appellate Court for the First District this latter judgment was reversed, and the case was remanded to the Superior Court of Cook county, with directions to discharge defendants in error as garnishees, with their costs. By the present writ of error, sued out by the plaintiffs in the attachment suit, it is sought to reverse the judgment of the Appellate Court.

When in an attachment suit a garnishee is summoned, there is necessarily introduced into the proceeding a third party, who occupies the position of a stakeholder between the parties to the principal controversy, but who nevertheless stands towards said parties in the attitude of a defendant in a suit prosecuted by and for the use of one in the name of the other. (2 Wade on Attachment, sec. 340.) In respect to irregularities that amount to error, merely, in the proceedings of the court disposing of the main controversy,—*i. e.*, the controversy between the plaintiff in attachment and the defendant in attachment, —the garnishee has no right to complain, for such matters do not concern him; but when the defect goes to the jurisdiction of the court to act in the premises, and the question is whether or not the tribunal assuming to act has jurisdiction of the subject matter or of the person of the defendant in attachment, the rule is otherwise. The plainest dictates of justice require that this should be so, for if it was not, the garnishee might be compelled to pay the same debt twice.

The doctrine we have stated was announced in this State at an early day. In *Pierce* v. *Carleton,* 12 Ill. 358, this court said: "In a suit by attachment the court must acquire jurisdiction, and proceed to enter a judgment against the defendant, before it can pronounce any judgment against a party summoned as garnishee. If the previous proceedings are unauthorized and void, there is no sufficient basis to support the judgment against the garnishee. He would not be protected in the payment of a judgment obtained under such circumstances. It would be regarded as a voluntary and not a compulsory payment, and the defendant might compel him to pay a second time. It is clear, therefore, that a garnishee should be permitted to inquire into the validity of the previous proceedings in the case. If such proceedings are void, the judgment against the garnishee may for that cause be reversed on error. But if the court had jurisdiction, its errors and irregularities can only be called in question by the defendant, and that, too, in a direct proceeding for the purpose. They affect him only, and he may waive or insist on them. The garnishee has no cause to complain, for he will be protected in the payment of the judgment."

It must be, that whenever the facts are such as would require the reversal of the judgment against the defendant in attachment, on the ground of a want of jurisdiction, if a writ of error was brought by such defendant, then a writ of error sued out by the garnishee to reverse the judgment obtained against him, such garnishee, must prevail, for otherwise there would be the anomaly that the first judgment is reversed because rendered without jurisdiction to render it, and therefore void, and at the same time the second judgment sustained because there was jurisdiction to render such first judgment, and it therefore valid.

Section 22 of the Attachment act makes provision for the publication by the clerk of the court in which the attachment suit is pending, of a notice of the pendency of such suit, in a

newspaper, and then says: "And such clerk shall, within ten days after the first publication of such notice, send a copy thereof by mail, addressed to such defendant, if the place of residence is stated in such affidavit, and the certificate of the clerk that he has sent such notice in pursuance of this section shall be evidence of that fact." This court, in *Thormeyer* v. *Sisson*, 83 Ill. 188, in construing said statutory provision, said: "The duty to send such copy of notice to defendants is as imperative as the publication of the notice for the length of time specified in the statute, and is just as essential to confer jurisdiction on the court, in the absence of defendants, to try the cause. Neither may be omitted, and the reason is, both are positively required to give the court jurisdiction where there is no appearance by defendants. Sending such notice is one of the means the law has adopted to inform non-resident defendants of proceedings instituted against them that may ultimately deprive them of their property. Like the proof of the publication of the attachment notice, the fact the clerk sent such notice to defendants must affirmatively appear in the record. That proof is wanting in this case, and hence the court failed to acquire jurisdiction to pronounce the judgment it did."

The motion in arrest of judgment which the trial court denied was based upon the claim that no valid judgment had ever been rendered against the defendants in attachment, and that the judgment against said defendants was void because no copy of the notice by publication was mailed to said defendants, as required by law. The certificate of the clerk in the premises is as follows: "I * * * do hereby certify that on the 21st day of August, A. D. 188–, I sent by mail a notice, a copy of which is hereby attached, marked exhibit 'A,' to the following defendants, and addressed as follows: One copy to A. T. and F. W. Dennison, Detroit, Wayne Co., Mich."

The first contention of plaintiffs in error is, that it suffi-
ciently appears from the certificate that the clerk sent a
copy of the notice to each of the defendants. If the clerk had
simply certified that he had "sent by mail a notice to the
defendants, and addressed as follows: A. T. Dennison and
F. W. Dennison, Detroit, Wayne Co., Mich.," then the cases of
*Greenman* v. *Harvey*, 53 Ill. 386, *Reed* v. *Moffat*, 62 id. 300,
and *Turner* v. *Jenkins*, 79 id. 228, cited by plaintiffs in error,
would be in point, since, in that event, it could reasonably be
inferred from the certificate that a copy was sent to each of
them, for he could not send a copy to two men without send-
ing one copy to each. But here there is no room left for in-
ference, for the clerk states, in express terms, what he did, and
that was, to send by mail "one" copy, and that copy addressed
"to A. T. and F. W. Dennison." The object is to ascertain
just what the clerk in fact did, and to do this by ascertaining
the true intent and meaning of the language which he em-
ploys. We are not authorized to reject or ignore the words,
"addressed as follows: one copy to A. T. and F. W. Dennison,"
but must give them their reasonable and proper meaning.
We think that any sensible and ordinary person, reading the
statements made in the certificate, would at once, and with-
out doubt or hesitation, arrive at the conclusion that the clerk
mailed but one notice, and that such notice was addressed
"A. T. and F. W. Dennison, Detroit, Wayne Co., Mich."

The case, then, is like *Likens* v. *McCormick*, 39 Wis. 313,
where an attempt was made, under a statute of that State, to
serve two non-resident defendants by mailing a copy of the
summons and complaint, and it was held that the mailing of
one copy to both could operate, at best, as service upon one,
only, not affecting the other, and that the uncertainty which
respondent, if either, might receive a copy mailed to both,
makes such service *prima facie* void as to both. We approve
of the rule thus enunciated, and regard it as safe and sound
doctrine. It is to be borne in mind, however, that the here

defendants in attachment were sued as individual persons and not sued as partners, and that therefore the case does not fall within the purview of section 3 of the Attachment act, which permits the designation of joint defendants by their partnership names, or by such names, styles or titles as they are usually known, and under which section it is probable that a notice mailed to the proper place, and addressed to the partnership name, would be sufficient.

It is urged that even if the clerk mailed only one copy, and that copy addressed to the two defendants, yet it will be presumed that the officers of the post-office department, in accordance with their duty, delivered the copy to each of the persons to whom it was directed. If a letter is sent by the post it is presumed that it was received by the person to whom it was addressed, if living at the place and usually receiving letters there. (1 Greenleaf on Evidence, sec. 40.) But there is no ground for the presumption of a delivery of a single letter to both of two persons to whom it is directed, unless it be a delivery by way of a partnership or other agency. If the postal authorities make one delivery of a letter, and to a person to whom it is addressed, then they have fully discharged their duty, and their power is exhausted. If the letter is directed to two different persons, the duty would not devolve upon the postal department to first give it to one and then take it to the other, nor would duty require a refusal to deliver it to either unless both were present, but in such case, it being practically if not inherently impossible to deliver it to each, authority to deliver it to either would be implied. And even if the duty to deliver to each was assumed, yet power would be wanting to compel a surrender by the first taker of the letter, as would also the power to compel the two persons to be in one place at one and the same time. In our opinion the claim of plaintiffs in error in this behalf is without merit, and probably even absurd.

In the record of the judgment recovered by the plaintiffs in error against the defendants in attachment this statement is made: "And now on this day come the plaintiffs in this suit, by their attorney, and present to the court due proof of publication of notice to the defendants of the pendency of this suit." It is insisted that it sufficiently appears from the quoted recital from the record that the requisite notice was given. But "due proof" of what was made to the court? Why, manifestly, due proof of the "publication of notice to the defendants." It may be that prior to the time that the statute required copies of the published notice to be sent by mail to non-resident defendants, the record entry just quoted would sufficiently have shown the jurisdiction of the court over the defendants. Now, however, the statute imperatively demands not only the publication of notice for the requisite length of time in a newspaper, but also just as imperatively demands the mailing of a copy of such notice, addressed to the defendant at his place of residence stated in the affidavit. As was said in *Thormeyer* v. *Sisson, supra,* "both are positively required to give the court jurisdiction." And we might well say in this case as was said in that case: "Nor is there anything in the recitals of the record of the judgment that shows any proof was made in the court below that such notice was addressed to defendants at their place of residence, as disclosed, within ten days after the first publication, or at any other time."

It is urged by plaintiffs in error, that conceding the correctness of the principle that substantial compliance with the statute is jurisdictional, yet that it is the settled law of this State that where, as here, a judgment is assailed collaterally, the jurisdiction of the court over the persons of the defendants will be presumed, and that this presumption applies equally to special statutory proceedings and to suits at common law. It is not necessary now to consider whether the judgments of a court of superior jurisdiction, when exercising a special stat-

utory and extraordinary power, stand upon the same footing, in respect to the doctrine of presumptions, with the judgments of the same court when acting within the scope of its general powers.    Suffice it, for the purposes of this case, to say, that it is improperly assumed by plaintiffs in error, in their argument, that the attack made in this attachment proceeding by the garnishees, upon the judgment rendered in favor of the plaintiffs in attachment against the defendants in attachment, on the ground there was no jurisdiction to render it, is a collateral assailment of that judgment.    The judgment of a court is collaterally assailed when it is sought to be impeached in an action other than that in which it was rendered. Now, the suit against the garnishee by the defendant in attachment, for the use of the plaintiff in attachment, is ancillary to the controversy between such plaintiff and defendant, but both controversies are parts of one and the same statutory proceeding by attachment, and the suit against the garnishee grows out of and is based upon, and dependent upon, the suit against the principal debtor.    Much that is in the record of the attachment proceeding is alike a part and parcel of the record in each of these suits, and of this kind are the judgment rendered against the defendant in attachment, and all portions of the record that have a bearing on the matter of the jurisdiction of the court in rendering such judgment.    As held in *Pierce* v. *Carleton, supra,* the court, in a suit by attachment, must acquire jurisdiction and proceed to enter a judgment against the defendant before it can pronounce any judgment against a party summoned as garnishee, and so far as is necessary for the protection of the garnishee in this regard, he may, on a writ of error sued out to reverse the judgment against him, inquire into the legality and regularity of the previous proceedings against the defendant in attachment, to the same extent that the latter could do upon a writ of error that he prosecutes to reverse the judgment obtained against himself. And so there is no solid ground for the assumption that the

.present defendants in error, on their appeal to the Appellate Court, assailed the judgment against the defendants in attachment collaterally, and that the jurisdiction of the trial court over the persons of said defendants in attachment should therefore have been presumed.

Much stress is laid by counsel upon the fact that in *Pierce* v. *Carleton* the court used this language: "It was clearly competent for the plaintiff to prove by parol that the paper was published in the State, and that Houghton & Springer were the publishers of it. The presumption should be indulged that this was done to the satisfaction of the court." In explanation of the real meaning of this last sentence, as it was used by the court, perhaps we can not do better than quote from *Haywood* v. *Collins*, 60 Ill. 328, what this court there said in regard to the language employed in *Pierce* v. *Carleton*. It was said: "In the case in 12 Ill. the record recited that due proof of publication had been made. The court found that the statute had been complied with, and this finding might be the result of parol proof in such case, but could not if the service had been by summons. The presumption was based upon the finding of the court."

It necessarily results from what we have herein held, that the judgment of the Appellate Court reversing the judgment of the Superior Court against defendants in error, and remanding the cause to the latter court with directions to discharge defendants in error as garnishees, was not erroneous. There is no occasion, therefore, to consider the numerous other matters involved in the record, and questioned by the various assignments of error.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*