# Roland A. Crandall v. Henry M. Birge et al.

1. ATTACHMENT IN AID—*Judgments Against Garnishees Before Issues Disposed of, are Irregular.*—Where an affidavit for an attachment in aid is traversed by a plea in denial, the defendant is entitled to a trial upon the issue so formed, and a judgment taken against persons summoned as garnishees before the issue is disposed of, is irregular.

2. SAME—*When Defendant Required to Plead.*—A defendant is not required to plead to the affidavit for an attachment in aid, until a term of the court commencing not less than ten days after the attachment is sued out.

Attachment in Aid.—Garnishee proceedings. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the October term, 1895. Reversed and remanded. Opinion filed December 12, 1895.

WEIGLEY & EASTMAN, attorneys for appellant.

CRATTY, MACLAREN, JARVIS & CLEVELAND, attorneys for appellees.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The June term, 1894, of the Circuit Court, began on the 18th, and to that term the appellant was summoned, and a declaration filed, ten days before the term, so that his plea was due at that term, and as he did not plead, judgment was properly taken against him by default, on the 20th. Of all this there is no complaint.

On the 16th, the appellees filed an affidavit for an attachment in aid, and an attachment writ was issued and served on that day upon several garnishees, of whom Susan Dugas was not one, though she afterward answered interrogatories addressed generally " to the garnishees summoned," on which answer judgment against her was entered.

On the 28th of June, long before Susan Dugas answered, the appellant filed a plea denying the affidavit, upon which no issue was taken, nor was it otherwise disposed of, unless by operation of law, as the appellees contend.

It is part of the loose practice of this State that a party in

court must watch the proceedings and take notice of all that
is going in his case, and therefore that no notice of an attach-
ment in aid need be given to him.  Bailey v. Valley Nat.
Bk., 127 Ill. 332.

There is neither statute nor decision which determines
when a defendant shall plead to an attachment in aid.  In
the nature of things he may plead.  The statute says that
such proceedings shall " be as are required or permitted in
original attachment, as near as may be."  Sec. 31, Ch. 11,
Attachments.

In original attachments the practice and pleadings " shall
conform, as near as may be, to the practice and pleadings in
other suits at law."  Sec. 26.  By section 27, the defendant
may, by plea, traverse the facts stated in the affidavit.  By
the practice act—as the result of several provisions too long
to quote, but well understood by the profession—the defend-
ant need not plead in ordinary actions, until a term at which
he has been served, and a declaration filed, not less than ten
days before the beginning of the term.

Now, " as near as may be " to that practice gives the de-
fendant in an original attachment time to plead to the affi-
davit until a term beginning not less than ten days after he
is served with the attachment; and " as near as may be " to
that practice is that the defendant shall not be required to
plead to the affidavit for an attachment in aid until a term
beginning not less than ten days after the attachment in aid
—which need not be served upon him, was sued out.  The
plea here was before such a term had begun—was therefore
in time—the appellant was entitled to a trial upon it, and
had the issue tendered by it been found for the appellant,
the garnishees would have been discharged.

The judgment taken against Susan Dugas was irregular
and wrongs the appellant; it is therefore reversed and the
cause remanded.

These views are consistent with the course pursued in
Schulenberg v. Farwell, 84 Ill. 400, and with what is there
said by the Supreme Court, until they reach the topic of
discontinuance or abandonment—a question not in that case
nor in this.

In Rutledge v. Stribling, 26 Ill. App. 354, it does not appear that the attention of the court was called to the time at which the affidavit was filed, or when a plea thereto was due, but only to the question whether the writ in aid should have been served upon the defendant. Reversed and remanded.