# American Trust and Savings Bank v. Pack, Woods & Co., for Use, etc.

1. ATTACHMENTS—*Are Purely Statutory Proceedings.*—Proceedings by attachment are in derogation of common law and can only exist by virtue of some statutory provisions.

2. SAME—*Alias Writs Not Provided For.*—The statute of this State makes no provision for an *alias* writ in case of an original attachment, and the same is true of an attachment in aid.

3. SAME—*Alias Writs of Attachment Void.*—Where an attachment in aid of a suit at law was returned unexecuted by order of the plaintiff's attorney, who afterward filed another bond and affidavit substantially the same as the first, and upon which another attachment in aid was issued, *it was held,* that the second writ, although not containing the words "as we have before commanded you," was an *alias* writ and void as not being authorized by the statutes of this State.

4. ALIAS WRITS—*Defined.*—An *alias* writ is one which is issued when a former writ has not produced its effect, and is so called from the words "as we have formerly commanded," being inserted after the usual commencement, "We command you," although such words are not necessary and their omission does not change the character of the writ.

**Attachment Proceedings.**—Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Heard in this court at the March term, 1897. Reversed without remanding. Opinion filed May 24, 1897.

HAWLEY & PROUTY, attorneys for appellant.

FARSON & GREENFIELD, attorneys for appellee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This appeal is from a judgment by default for $277, rendered November 5, 1896, against the appellant, as gar-nishee, in a suit begun July 23, 1895, by one Parker, as receiver, etc., against the appellee, Pack, Woods & Company, a corporation, and summons was issued therein, returnable to the August term, 1895, of said court.

On the same day the suit was begun, the plaintiff filed

an affidavit and bond for an attachment in aid, and the writ was issued returnable to the same term of court, but was returned August 5, 1895, unexecuted, by order of plaintiff's attorney. In that writ certain persons, not including the appellant, were summoned as garnishees.

Afterward, on October 1, 1895, the plaintiff filed another affidavit and bond for attachment in aid of the same suit, and another writ of attachment in aid was issued. Such affidavit, bond and writ, were in substance the same as the former, except that the garnishees named in the first writ were omitted, and the name of appellant as garnishee was inserted in the second writ.

The second writ was returned served upon appellant on the day it issued. Subsequent proceedings in the suit were had, including publication of notice, etc., to the defendant, resulting in a conditional judgment against appellant as garnishee on October 5, 1896, and the issuance of a writ of *scire facias* to the appellant and service thereof, and final judgment against appellant by default, on November 5, 1896, which is the judgment appealed from.

On November 6, 1895, appellant filed its special appearance and motion (specifically limiting such appearance to the purpose of the motion) to quash the said second writ, upon the ground specified in the motion that said second writ was an *alias* writ of attachment, and as such was unknown to and unauthorized by the laws of this State, and void; and that said second writ had not conferred upon the court jurisdiction of the person of appellant.

. Subsequently, the defendant filed its like special appearance and motion, but both motions were overruled.

This court has held in Dennison v. Blumenthal, 37 Ill. App. 385 (affirmed by the Supreme Court under the title of Dennison v. Taylor, 142 Ill. 45, upon another point, and without alluding to the point in question), that proceedings by attachment are in derogation of the common law, and can only exist and be carried on by virtue of some statutory provision, and that the statutes of this State make no provision for an *alias* writ in case of an original attachment;

and such decision applies as well in the case of an attachment in aid, as in the case of an original attachment.

Secs. 31 and 33 of the attachment act require that proceedings in the cases of attachments in aid shall, as near as may be, conform to proceedings in cases of original attachments, and it follows that if no *alias* writ may issue in cases of original attachments, none may in cases of attachments in aid. Crandall v. Birge, 61 Ill. App. 234.

But appellee contends that because nothing was done under the first writ except to return it unexecuted by order of plaintiff's attorney, it was a nullity, the same as if no writ had ever issued, and therefore the plaintiff had in reality but one writ of attachment in aid of his suit, viz.: the second writ, which therefore was not in any proper sense an *alias* writ. We can not assent to the correctness of such contention.

An "*alias*" writ is one which is issued when a former writ has not produced its effect, and is so called from the words " as we have formerly commanded you " (*sicut alias præcipimus*,) being inserted after the usual commencement, " We command you." Blackstone, Chap. 19, Book 3. But whether such words, *sicut alias*, be used or not, can not, as we conceive, make a second writ an original one. The omission by the clerk of such words can not change the fact.

"An *alias* writ is a writ issued where one of the same kind has been issued before in the same cause.

The second writ runs, in such case, ' we command you as we have *before* commanded you ' (*sicut alias*), and the Latin word *alias* is used to denote both the writ and the clause in which it or its corresponding English word is found. It is used of all species of writs." Bouvier's Law Dictionary, "Alias;" Black's Law Dictionary; Rapalje and Lawrence's Law Dictionary; The Century Dictionary.

Nor could the fact that in the second writ there was named a different garnishee from that named in the first writ, make the second writ an original writ.

The naming of garnishees in either writ was not necessary to the full operation of the writ against the property

of the defendant. The right to have garnishees summoned is only an additional right given by the statute to the. plaintiff in the attachment writ, as a method of reaching debts due to the defendant in addition to property of the defendant that is subject to levy, but such a summoning is not at all essential to the validity or regularity of the writ. In such regard it neither adds to nor takes from the writ.

All other questions that are argued, hang upon the question of jurisdiction, and no jurisdiction having been obtained over the person of the appellant through the *alias* writ, the judgment of the Superior Court will be reversed, but without remanding the cause.