## Richard O'S. Burke v. Joseph E. Dunning.

1. Justices of the Peace--*When Judgments by, are Final.*—A transcript of a justice recited a verdict and judgment as follows: " We, the jury, find the issues for the defendant, and upon the verdict the court renders judgment in favor of the defendant against the plaintiff for costs of suit." *Held*, that the justice had no discretion to do anything else after the verdict than render final judgment for the defendant, and

that the judgment for costs should be considered a final judgment, from which an appeal would lie.

2. JUDGMENTS—*Form of, When Final.*—In form a final judgment for a defendant should be that the plaintiff take nothing by his suit, and that the defendant go hence without day.

**Transcript,** from a justice of the peace. Error to the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Heard in this court at the March term, 1897. Supersedeas denied. Opinion filed May 24, 1897.

M. B. GEARON and D. R. TWOMEY, attorneys for appellant.

No appearance for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The plaintiff in error applies for a supersedeas on a record showing that this case was commenced by the defendant in error against the plaintiff in error before a justice of the peace, and tried there before a jury.

The transcript of the justice recites the verdict and judgment thus: "We, the jury, find the issues for the defendant and upon the verdict *to* the court renders judgment in favor of the defendant against the plaintiff for costs of suit."

The word "to" italicised is impertinent and must be rejected as surplusage.

From that judgment the defendant in error appealed to the Circuit Court, where the plaintiff in error entered his appearance, but seems to have neglected the case, as a couple of years afterward the defendant in error took judgment against him after an *ex parte* trial.

There is no bill of exceptions, and the point relied upon by the plaintiff in error is that the judgment merely for costs before the justice was not a final judgment, from which an appeal would lie to the Circuit Court, and therefore the Circuit Court had no jurisdiction.

That in form a final judgment for a defendant should be that the plaintiff take nothing by his suit, and that the defendant go hence without day, is not to be denied. See Sprick v. Washington Co., 3 Nebraska, 253, and authority there cited.

But the justice had no discretion to do anything else after that verdict than render final judgment for the defendant. Felter v. Mulliner, 2 Johns. (N. Y.) 181.

And in this State, a judgment before a justice against the plaintiff for costs, without even saying in whose favor, is a final judgment. Zimmerman v. Zimmerman, 15 Ill. 85.

The premise on which the plaintiff in error bases his conclusion failing, his conclusion fails.

The supersedeas is denied.