## Maggie A. Colwell et al. v. John Culbertson.

### Gen. No. 4,546.

1. SERVICE OF SUMMONS—*when, upon minors, insufficient.* Where there are several minor defendants the leaving of one copy for all, and not one for each, at their usual place of abode, etc., is not sufficient.

2. SERVICE OF SUMMONS—*who may question.* One who has a direct interest in land sought to be foreclosed may attack the service had upon her minor co-defendants.

Foreclosure proceeding. Appeal from the Circuit Court of Stark County; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding. Heard in this court at the April term, 1905. Reversed and remanded. Opinion filed October 28, 1905. Rehearing denied April 17, 1906.

V. G. Fuller, for appellants. .

Allen P. Miller, for appellee.

Mr. Presiding Justice Vickers delivered the opinion of the court.

This is an appeal from a decree foreclosing a mortgage upon real estate. The real estate involved in this proceed ing originally belonged to John Dryden, which was disposed of by his last will to the three minor children of his son, John G. Dryden, namely: Hazel Ray Dryden, Mary Jane Dryden and Ernie Todd Dryden, when they should arrive at the age of eighteen years respectively, in equal parts, share and share alike. The will provided that upon the death of either of these grandchildren before they arrived at the age of eighteen years, if they died without issue, the portion devised to each should become the property of the survivor, or survivors, in equal parts; and in the event that neither of said grandchildren should reach such age, and should leave no issue, then the premises to go to the residuary devisee. Maggie A. Dryden (now Maggie A. Colwell) was made sole residuary devisee. A summons was issued and served upon Maggie A. Colwell, and the following return was made of service upon the minor defendants: "I have duly served the within upon the within named Hazel Ray Dryden, Mary Jane Dryden and Ernie Todd Dryden, by leaving a true copy thereof for them at their home, the usual place of abode, with Annar T. Dryden, their mother, a person of the age of ten years and upwards and a member of the family of the within named Hazel Ray Dryden, Mary Jane Dryden and Ernie Todd Dryden, and at the same time making known to her the contents thereof. This the 6th day of October, 1904, as I am therein commanded.

(Signed)      Thomas Malone,
Sheriff."

Only two questions are presented for consideration upon this appeal. First, was the service upon these minors suf-

ficient to confer a jurisdiction over their persons? Proper service required that the sheriff should leave a true copy of the summons for each of the defendants at their usual place of abode with some person of the age of ten years and upwards, and a member of their family, at the same time making known to such person the contents of the summons.

There is no construction that we are able to give to this return that will make it mean that more than one copy of the summons was left in this case, and we are clearly of the opinion that the leaving of one copy for three defendants is not in compliance with the statute.  In Denison et al. v. Taylor et al., 142 Ill. 45, a certificate of mailing in a chancery case was under consideration, which read as follows:  "I ———, do hereby certify that on the 21st day of August, A. D. 188-, I sent by mail a notice, a copy of which is hereto attached marked 'Exhibit A' to the following defendants and addressed as follows: one copy to A. T. and F. W. Denison, Detroit, Wayne County, Michigan."  It was held that the certificate was insufficient as not showing that a copy was sent to each of the defendants, and that a reasonable construction of the certificate was that one copy was sent to both defendants.  The language of the return now under consideration is: "leaving a true copy thereof for them at their home  *  *  *  with Annar T. Dryden," etc.  The proper meaning of this language is that one copy was left for all of these defendants, which, as we have seen, is not a compliance with the statute.

It is insisted by appellee that appellant, Maggie A. Colwell, has no such interest in the subject-matter of this suit as will authorize her to raise the question of the insufficiency of the service on the co-defendants.  This point is not well taken.  Maggie A. Colwell under the law is entitled to the possession of all of these premises until the devisees arrive at the age of eighteen years; she is also the residuary devisee and has a contingent remainder in fee in the land, and is therefore interested in the foreclosure proceedings; and in our opinion her interest is such that she

may question the sufficiency of the service on her co-defendants.

For the error of the court in rendering a decree on the imperfect service upon the minors, the decree is reversed and the cause remanded.

*Reversed and remanded.*