## Kasper Czyston et al. v. St. Stanislaus Parish.

### Gen. No. 12,201.

1. GARNISHEE—*what appeal by, does not bring up for review.* An appeal by a garnishee does not bring up for review the revision of the judgment rendered against the principal defendants in

the attachment proceedings out of which the garnishment has issued.

2. GARNISHEE—*when may question sufficiency of judgment against principal defendants.* A garnishee in an attachment proceeding, where the defendants have been served by publication and are in default, may question the jurisdiction of the court to render such judgment.

3. ATTACHMENT—*when judgment in, void.* A judgment in an attachment proceeding is void if the service had by publication is not in accordance with the statutory requirements, and such a judgment, if void as to one of several defendants against whom it is entered, is void as to all of them.

4. AMENDMENT—*when motion for leave to make, in name of garnishee, properly denied.* A motion for leave to amend by changing the name of the garnishee in an attachment proceeding, is properly denied where such motion amounted to an application to bring in a new garnishee who had not been served with process.

Action commenced before justice of the peace. Error to the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1905. Affirmed. Opinion filed January 15, 1907.

**Statement by the Court.** This is a writ of error to reverse a judgment of the Circuit Court in favor of the garnishee, St. Stanislaus Parish, in an attachment case originally brought by John Milkowski et al. against Kasper Czyston and Regina Czyston, before a justice of the peace. Defendant in error was served as garnishee before the justice of the peace by reading the writ to S. Spetz and leaving a copy thereof with him. The writ of attachment was issued July 22, 1899, and according to the transcript of the justice was made returnable August 12, 1899, but by the writ itself it was returnable on August 1, 1899. The case was called August 1, 1899, by the justice and continued to August 16, 1899, for publication. Without waiting for the return day the constable on July 22, 1899, the day the writ was issued, posted and mailed the only notice in the case. The notice is dated and and filed July 22, 1899, and the return shows that the publication and mailing of the notice was done on July 22, 1899. The notice itself shows that the attachment

was "against the personal estate of the said defend-
ants, Kasper Czyston and Regina Czyston, for the
sum of two hundred dollars." The return of the con-
stable as to the mailing of the notice is as follows:
"and mailing copy of said notice addressed to the
within named defendant at his place of residence, this
22nd day of July, A. D. 1899." Judgment was had by
default against both the defendants before the justice
for the above amount; and subsequently a judgment
was entered against the garnishee St. Stanislaus
Parish for the same amount. The garnishee prose-
cuted an appeal to the Circuit Court. A jury was
waived and the cause was submitted to the court for
trial. The court held that there was no valid judg-
ment against the principal defendants in the attach-
ment, and no judgment could be rendered against the
garnishee, and judgment for costs in favor of the gar-
nishee was entered.

DICKINSON & HAREMSKI, for plaintiffs in error.

MCARDLE & MCARDLE, for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the
court.

On an appeal by the garnishee in an attachment
proceeding before a justice of the peace from a judg-
ment rendered against him by the justice, where the
defendants in the attachment do not join in the ap-
peal by the garnishee, but abide by the judgment ren-
dered against them in the attachment, the judgment
against the defendants in the attachment is not af-
fected by the appeal but remains in full force and ef-
fect. The appeal does not bring before the Circuit
Court for revision the judgment against the main de-
fendants in the attachment. Such an appeal does
not bring up to the Circuit Court for trial *de novo* the
issues against the defendants in attachment. Flana-
gan v. Pope, 97 Ill. App. 263. That judgment stands

for what it is worth in law, with the same force and effect as if the garnishee had not taken an appeal from the judgment against him.

The only appeal in the case before us from the proceedings before the justice of the peace to the Circuit Court was prosecuted by the defendant in error. The judgment against plaintiffs in error before the justice of the peace was not before the Circuit Court, except as it was offered in evidence in that court as a foundation for the judgment against defendant in error sought to be reversed in that court. The issues against plaintiffs in error were not before the Circuit Court for trial. In our opinion, therefore, the Circuit Court did not err in excluding the evidence offered to support and maintain the issues in the main case against the defendants in the attachment. Nor did the Circuit Court err in denying the motion of the plaintiffs in the original attachment case to dismiss such original suit as to Regina Czyston, one of the defendants therein, on the ground that the judgment entered by the justice as shown by the transcript before the Circuit Court was void as against her.

We think the Circuit Court ruled correctly in denying the motion of the beneficial plaintiffs to amend the title and name of said garnishee St. Stanislaus Parish, to the Catholic Bishop of Chicago. The evidence before the court in the sworn answers of Andrew Spetz to written interrogatories propounded to the garnishee and filed in the Circuit Court, showed that St. Stanislaus Parish was not a corporation, but was merely an ecclesiastical subdivision of the diocese of Chicago, and subject to the jurisdiction of the Catholic Bishop of Chicago. The motion amounted to an application to bring in a new garnishee who had not been served with process.

The garnishee, defendant in error, moved the court to find the issues for the garnishee and enter judgment in favor of garnishee on the ground that the judgment of the justice of the peace against plaint-

iffs in error was void; and in support of the motion read the transcript, original affidavit in attachment, the original writ of attachment and the return thereon and the original notice and return thereon, to the court. The court held that there was no valid judgment in favor of the plaintiffs in the attachment against plaintiffs in error, defendants in the attachment, and sustained the motion and entered judgment accordingly.

We think the court below ruled in accordance with the law, for the following reasons:

The judgment before the justice of the peace against the original defendants in the attachment was void for want of jurisdiction over the defendants. The notice and return thereon shows that it was not served as required by the statute. The affidavit in attachment and the writ and the notice show that the attachment was against the personal estate of the defendants. The service of the notice was too defective and irregular to be good as to either defendant. The notice failed to comply with the provisions of the statute, and it was not served as provided by the statute. Dennison v. Taylor, 142 Ill. 45. The notice was issued, posted and mailed prematurely. If, however, the service of the notice can be considered good as to one defendant, Kasper Czyston, that did not give jurisdiction to enter a judgment against both defendants. A judgment at law is a unit and cannot be valid in part and void in part. If void in part, it is void *in toto*. Goit v. Joyce, 61 Ill. 489; Earp v. Lee, 71 *id*. 193; Williams v. Chalfant, 82 *id*. 218.

While the garnishee is not concerned with the amount or character of the indebtedness (Pomeroy v. Rand, McNally & Co., 157 Ill. 176-184), it is interested in the question whether or not the justice had jurisdiction of the parties when he entered the judgment; for if the justice did not have jurisdiction, and it was held as garnishee, it would not be discharged of its indebtedness by payment to the garnisheeing cred-

itor. Pomeroy v. Rand, McNally & Co., *supra;* Dennison v. Taylor, *supra;* Empire Car Roofing Co. v. Macey, 115 Ill. 390-395. Defendant in error, therefore, had the right to attack the judgment for want of jurisdiction, and if the judgment was void it was entitled to a judgment in its favor. No judgment could be entered legally against the garnishee until a valid judgment had been entered against the defendants in attachment.

Finding no error in the record the judgment of the Circuit Court is affirmed.

*Affirmed.*