## John Bux, Appellee, v. L. E. Wangelin, Appellant.

1. JUSTICES OF THE PEACE, § 172*—*when judgment appealable.* A judgment rendered by a justice against a plaintiff for costs is a final judgment and is appealable.

2. GARNISHMENT, § 106*—*when judgment cannot be entered against garnishee.* A judgment cannot be entered against a garnishee in an attachment proceeding until the plaintiff has recovered a judgment against the defendant therein. Hurd's Ill. St. 1916-1917, ch. 79, sec. 91 (J. & A. ¶ 6952).

3. GARNISHMENT, § 104*—*right of garnishee to attack judgment against defendant.* While a garnishee may not attack a judgment against a defendant for mere error, if the court has not jurisdiction of the defendant the garnishee may make objection for his own protection.

4. ATTACHMENT, § 87*—*when affidavit insufficient.* An affidavit which fails to state the address of a defendant or that upon diligent inquiry the plaintiff was unable to ascertain the same, and which also fails to state whether the defendant was a corporation or partnership, or the names of partners, if a partnership, is defective and insufficient to warrant a writ of attachment, under Hurd's Ill. St. 1916-1917, ch. 79, art. 8, secs. 2, 11 (J. & A. ¶¶ 6931, 6940).

5. ATTACHMENT, § 219*—*when return of mailing notice insufficient.* A return of notice by a constable in an attachment proceeding, which states the mailing of a copy to the defendant at his last address, but fails to state to whom said copy mailed was addressed, is insufficient, as such fact must affirmatively appear, and the omission is not supplied by a finding of the justice that the proof of service was sufficient.

Appeal from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the October term, 1919. Reversed with finding of fact. Opinion filed March 25, 1920.

BARTHEL, FARMER & KLINGEL, for appellant.

PRESTON K. JOHNSON, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly; same topic and section number.

MR. JUSTICE EAGLETON delivered the opinion of the court.

On August 8, 1918, John Bux sued out a writ of attachment before the police magistrate at Belleville against Nissly and Son. The writ was directed to a constable to serve, made returnable August 14, 1918, and L. E. Wangelin named as garnishee.

It appears that Wangelin was a justice of the peace and had rendered a judgment in favor of Nissly and Son against Bux for $79.50, and that on the day this suit was begun Bux paid the amount of the judgment to Wangelin and that Wangelin had no other money in his hands belonging to Nissly and Son.

Service of the writ was had on Wangelin but not on Nissly and Son and on the return day the case was continued for 15 days and notice given the constable to post and mail to get constructive service on Nissly and Son.

On August 29, 1918, the venue was changed to a justice of the peace before whom the case was tried and judgment entered against Bux for the costs and he appealed the case to the circuit court where, on a trial, judgment was rendered against Nissly and Son for $92.75 and against Wangelin, as garnishee, for $79.50, from which judgment Wangelin prosecutes this appeal.

Three grounds are urged for the reversal of the judgment of the circuit court. The first is that no judgment was rendered by the justice of the peace from which an appeal could be prosecuted, the second that no valid judgment was rendered against Nissly and Son and the third that the money held by the garnishee is in the custody of the law and cannot be reached by garnishment.

As to the first proposition it appears that the justice on the hearing rendered judgment for costs against the appellee. It has been held that a judgment before a justice against the plaintiff for costs is a

final judgment. *Burke v. Dunning,* 70 Ill. App. 215. This case comes within that rule.

The next question is as to the validity of the judgment in the circuit court against Nissly and Son.

A judgment cannot be entered against a garnishee in an attachment proceeding until the plaintiff has recovered a judgment against the defendant therein. Hurd's Ill. St. 1916-1917, chap. 79, sec. 91 (J. & A. ¶ 6952). It is also a rule that while a garnishee may not attack a judgment against the defendant for mere error, if the court has not jurisdiction of the defendant the garnishee may make objection for his own protection. *Dennison v. Blumenthal,* 37 Ill. App. 385, and *Dennison v. Taylor,* 142 Ill. 45.

The transcript of the justice does not show service on Nissly and Son and recites, "Nissly and Son not present and not represented," and the only entry in the judgment of the circuit court as to service on Nissly and Son is, "and proof of service in attachment sufficient" and no default is entered.

The appellant objected, both in the justice's court and in the circuit court, to any proceeding being had or judgment being rendered against him, as garnishee, for the reason service had not been had on Nissly and Son.

The method of procedure in attachment suits before a justice of the peace is prescribed in articles 8 and 9 of chapter 79, of Hurd's Ill. St. 1916-1917 (J. & A. ¶¶ 6931, 6932).

In section 2 of article 8 (J. & A. ¶ 6931), it is provided that to entitle a creditor to a writ of attachment he shall file an affidavit stating, among other things: "The place of residence of the defendants, if known, and, if not known, that upon diligent inquiry the affiant has not been able to ascertain the same."

Section 11 of the same article (J. & A. ¶ 6940) provides that if on the return day the defendant is not

served and no appearance is entered by him the case shall be continued 15 days and notice posted, and if the place of residence is stated in the affidavit the constable shall at the time of posting notices "mail one copy of the notice addressed to such defendant, at such place of residence."

In the affidavit on which the writ was issued in this case the statement as to the place of residence of the defendant is:

"That the defendant resides at Lancaster, Pa.

"That this affiant had made diligent inquiry and cannot ascertain the place of residence of defendant; that the last known place of residence of defendant was  *  *  *."

This did not comply with the statute in that it failed to state either the address of the defendant or that upon diligent inquiry the plaintiff was unable to ascertain the same. Likewise the affidavit was defective in failing to state that Nissly and Son was a corporation or a copartnership, as the fact may be, and if a copartnership the names and addresses of the members thereof.

In his return as to the notices furnished him, the constable, after stating the posting of copies thereof as provided by law, states "also mailed one to defendant last add" and failed to state to whom said copy mailed was addressed. This must affirmatively appear and a finding of the court "proof of service in attachment sufficient" will not supply the omission. *Dennison v. Blumenthal, supra,* and *Dennison v. Taylor, supra.*

From what has been said the court did not have jurisdiction of Nissly and Son and the judgment is void as against them, and it was error to render judgment against the appellant as garnishee.

There being no provision for procuring service on the defendant, except in the proceeding before the justice, the judgment of the circuit court will be re-

versed because of the errors stated and the cause will not be remanded. *American Trust & Savings Bank v. Pack, Woods & Co.*, 70 Ill. App. 177.

*Reversed with finding of fact.*

Finding of fact. Service was not had on Nissly and Son, the defendant, and the judgment against said defendant was void.