Otto R. Blake for use of Elsie Richardson, Appellee, v. Union Insurance Exchange, Garnishee, and Union Automobile Indemnity Association, Appellant.

Gen. No. 9,826.

Opinion filed December 22, 1942. Rehearing denied February 2, 1943.

PALLISSARD & SMITH and MILO J. FLEMING, all of Watseka, for appellants; JAMES R. HANSGEN and HAL M. STONE, both of Bloomington, of counsel.

ROBERT F. GOODYEAR, of Watseka, for appellee.

MR. JUSTICE WOLFE delivered the opinion of the court.

Elsie Richardson procured a judgment against Otto R. Blake in the sum of $750 for personal injury sustained by her in an accident, while she was riding in the automobile of said Otto R. Blake. Otto R. Blake, for the use of Elsie Richardson, started a garnishment proceeding against the Union Insurance Exchange alleging that it had money and effects which it was withholding from him. Later, over the objection of the defendant appellant, the Union Automobile Indemnity Association, an Interinsurance Exchange, was also made a party defendant. This defendant filed its answer in which it denied that it was indebted in any way to Otto R. Blake. It admitted that it carried a policy of insurance indemnifying Otto R. Blake against damages that he might be compelled to pay to any one in case of an accident caused by his automobile, but claimed that they were not liable under the terms of this policy, because the insured was a member of the household of Elsie Richardson, and by the terms of said policy, they would not be liable for damages to her. They also claimed that in the prosecution of the suit in which Elsie Richardson was suing Otto R. Blake, he did not co-operate with the company in the defense of the suit, and refused to sign an appeal bond, therefore he had forfeited any rights which he might have under the insurance policy. The case was heard before the court without a jury. After taking the case under advisement, the court rendered a decision in favor of the plaintiff, and assessed the damages in the sum of $779.50 and costs of suit against the defendant. It is from this judgment that the appeal is prosecuted.

By agreement of the parties, a transcript of the evidence in the personal injury suit was admitted as evidence in the present suit, and the plaintiff introduced some additional evidence, at the conclusion of which the plaintiff dismissed the suit against the Union Insurance Exchange. The suit then proceeded against the other defendant.

It is insisted by the appellant, the Union Automobile Indemnity Association, that the judgment should be reversed, because they were made a party defendant to the suit in connection with another defendant, and the suit having failed as to that defendant, it must fail as to them. We cannot agree with the appellant that the court erred in rendering judgment against them for that reason. The principal case relied upon by the appellant to sustain its contention is *Czyston v. St. Stanislaus Parish,* 131 Ill. App. 161. An examination of that case discloses that the facts were different from the present case. In the *Czyston* case they attempted to introduce a new party without the formality of having the other party summoned into court, and the court held that that could not be done. In the present case the record shows that an affidavit was filed alleging that the appellant was indebted, or held money and property and effects that by right belonged to Blake, and the appellant was properly summoned into court. The appellant filed an answer and denied that it had anything belonging to Blake, or any property that he was interested in, so we think that the appellant was properly before the court, and would be bound by any order made by the trial court. The record shows that the defendant appeared generally and defended the suit. It was held in *Knude v. Prentice,* 329 Ill. 82 that a special appearance must be made for the purpose of urging jurisdictional objections only and must be confined to a denial of jurisdiction, as an appearance for any other purpose is general and waives jurisdictional objections.

It is urged by the appellant that the return of the execution by sheriff indorsed "no property found," is not sufficient to support the garnishment proceedings. In the case of *Zimek v. Illinois Nat. Casualty Co.,* 370 Ill. 572, it was stated, that under the statute a return of an execution "no property found" is necessary to support garnishment, and where the return

so states it is prima facie sufficient, until evidence is offered that the judgment debtor had property in the county subject to execution, and the prima facie case cannot be rebutted by attempting to show that the sheriff made no effort to serve the writ of execution. In the present case the return of the sheriff was in compliance with the statute.

After hearing the evidence, the court decided that Otto R. Blake was not a member of the household of the Richardson's and we think the record sustains this finding. The court also found that Blake had not failed to co-operate with the appellant in the prosecution of the suit of Mrs. Richardson against Blake. The case was tried before the court without a jury, and it was his province to judge the facts as presented by the evidence. Unless this court can say that his findings are contrary to the manifest weight of the evidence, we would not be justified in reversing his findings. After a review of all the evidence in the case, it is our conclusion that the court properly rendered judgment against the appellant company.

The judgment of the trial court is hereby affirmed.

*Affirmed.*