AARON W. SHOOK, Appellant, *v.* JOHN THOMAS, Appellee.

APPEAL FROM ST. CLAIR.

The degree of diligence required from a party applying for a continuance on account of the absence of a witness, must depend on the circumstances of the case. Greater diligence should be required on a second or any subsequent application. The party should state that he expects to be able to procure the attendance of his witness at the next term, that the witness is not absent by his permission, and all facts showing the materiality of his evidence, and that the application is not made for delay. If within reach of process, an attachment should be issued for the witness.

In an appeal from a justice of the peace, it is error for the court to affirm the judgment for the plaintiff without hearing evidence. A trial cannot be had on the transcript of the justice, without other proof.

If the appellant fails to appear, the appeal may be dismissed, and the judgment of the justice of the peace, affirmed.

THIS was an appeal from a justice of the peace, to the St. Clair Circuit Court, SNYDER, Judge. There appears on the record a transcript from a justice of the peace, showing that Thomas recovered a judgment of $50 against Shook, on a note, from which judgment Shook appealed to Circuit Court. There appellant moved for continuance upon the case being called for trial, which motion was overruled, and to which ruling appellant excepted. The court then decided that the judgment below be affirmed; motion for new trial denied by court; exception taken; appeal prayed for, allowed, and bond filed.

Bill of exceptions sets out that when the cause was called for trial, James H. Scott, witness, was called by the sheriff, and did not answer or appear. The appellant then offered the following affidavits: Affidavit of appellant sets out that he (appellant) made the annexed affidavit, now made a part of this affidavit, at the last term of court, and that all the allegations therein contained are still true except those relating to the inability of said Scott to attend court; affidavit further states that said

Scott has been duly subpœnaed to attend the present term of this court, to testify for affiant in this case, and is not here. Subscribed and sworn to, 23d Sept., 1858. The annexed affidavit referred to, is made by said appellant April 22nd, 1858, and sets out that affiant has a meritorious defense to this case. That the suit is instituted upon a promissory note given by affiant to one James H. Scott, and endorsed in blank to said Thomas. That after the note became due and before any endorsement or delivery to Thomas, and while it was in the hands and the property of said Scott, this affiant paid and satisfied said note in full, by causing real estate to be conveyed to said Scott, which was then and there received and accepted by said Scott in full satisfaction and discharge of said note. Affiant further says that said Thomas well knew said facts when he received said note, and when the same was endorsed as aforesaid. Affiant further says that he knows of no other person by whom he can prove the above facts as clearly and satisfactorily as by said Scott. That said Scott is a resident of St. Clair county, and would have been subpœnaed in this case, but that the said Scott a few days ago had his leg broken, and this affiant is informed and verily believes said Scott has been confined to his bed ever since, in consequence thereof, without an intermission of one hour at a time, and has been and is wholly unable to attend this court at this term. Affiant further says that he cannot safely proceed to trial without the said Scott; that he expects to be able to procure his testimony by the next term of this court; that this affidavit is not made for delay, but that justice may be done. And moved for a continuance of said cause to next term of court, which motion was overruled—exception taken. After affirmance of judgment below, when the cause was called for trial, defendant's attorneys said they stood mute in the cause. When the court affirmed the judgment below, defendant moved for a new trial because court refused continuance, and because the proceedings were irregular and without a jury, which motion was overruled by the court.

W. H. AND J. B. UNDERWOOD, for Appellant.

N. NILES, for Appellee.

WALKER, J. The appellant entered a motion in the court below for a continuance on account of the absence of one Scott, a witness on his behalf. The case had been continued at the previous term by reason of the absence of the same witness, on the application of the appellant. He had a subpœna issued and served, and when called just before the case was disposed of,

the witness failed to answer. The case was disposed of on the sixth day of the term, and no attachment was issued or other steps taken to procure the attendance of the witness, than the service of the subpœna. The affidavit stated that he was a resident of the county in which the court was held, but failed to state that the party expected to be able to procure the attendance of the witness, or to obtain his evidence at the next term, nor did it state that he was not absent by the permission of the appellant, nor that the application was not made for delay.

We are now called upon to reverse this judgment because the court overruled the motion for a continuance.

The 13th section of the Practice Act, (R. S. 1845, 415,) has this provision : " And whenever either party shall apply for the continuance of a cause on account of the absence of testimony, the motion shall be grounded on the affidavit of the party so applying, or his or her or their authorized agent, showing that due diligence has been used to obtain such testimony, or the want of time to obtain it; and also the name and residence of the witness or witnesses, and what particular fact or facts the party expects to prove by such witness or witnesses ; and should the court be satisfied that such evidence would not be material on the trial of the cause, or if the opposite party will admit the fact or facts stated in the affidavit, the cause shall not be continued."

This provision requires that diligence shall be shown in the affidavit, and what will constitute such diligence necessarily depends on a variety of circumstances, which must be sufficient to satisfy the court that reasonable efforts have been used. On a first application a less degree of diligence would satisfy the court, than on a second or third application. The fact that a party applies for the continuance of a cause a second time on account of the absence of the same witness, might create the suspicion that the party was not sufficiently anxious for his attendance to make the necessary effort to procure it, and would require evidence of greater diligence than if it were a first application, and so would it continue to require greater diligence on each successive application. The party should, on a second application be required to show something more than a mere service of a subpœna, he should avail himself of other legal means to compel the attendance of the witness. If within the reach of the process of the court, so as to be availing, the party should apply to the court for an attachment to compel his attendance, so soon as he has failed to attend under the subpœna. By this means the witness can be brought into court to be punished for the contempt in disobeying the subpœna, and the party procure the benefit of his evidence. The affidavit should state that the

witness is not absent by the permission and consent of the party, and should also state that the party expects to procure the evidence of the witness by the next term. The affidavit should also state, that the party has no other witness by whom the same facts can be proven, or if the point is disputed and numerous witnesses are to be examined, show that fact, or that it is a question of identity upon which there will be a contrariety of evidence. This is necessary to show its materiality. This affidavit, it is perceived, fails to come up to these requirements. The trial was on the sixth day of the term, and no application was made for a writ of attachment to compel the attendance of the witness, nor does the affidavit show that the witness was absent without the consent of appellant. Nor does it appear that the witness would be any more disposed to obey a subpœna at the next than at that term. For these reasons, we think this affidavit was not sufficient, to authorize the court to continue the cause.

It is again urged that the court erred in rendering a judgment of affirmance, without hearing evidence in support of the plaintiff's demand. The mode of procedure in the Circuit Court, in cases of appeal from judgments of justices of the peace, is regulated by the 59th chapter of " Revised Statutes." The 66th section, page 325, provides that on trial of such appeals in the Circuit Court, no exception shall be taken to the form, or service of the summons, or to any proceedings before the justice ; " but the court shall hear and determine the same in a summary way, according to the justice of the case, without pleading in writing." The 67th section provides, that if it appear that the justice of the peace had no jurisdiction of the subject matter of the suit, the same shall be dismissed at the cost of plaintiff. The 68th section provides, " that the plaintiff in the Justice's Court shall be plaintiff in the Circuit Court, on the trial of the appeal, and the rights of the parties shall be the same as in original actions." These provisions clearly require that the trial in the Circuit Court shall be *de novo*, upon the evidence the parties may adduce. This is the uniform and settled construction. The trial cannot be had upon the transcript of the justice's record, but the court must hear the evidence on the trial. Or if the appellant shall fail to appear to prosecute his appeal, the appellee may have the appeal dismissed, and the judgment of the justice of the peace affirmed. But the case, when properly in the Circuit Court by appeal, and the necessary service has been had, must be disposed of in one of these modes.

In this case neither of these modes were adopted. When the motion for the continuance was overruled, the court should have proceeded to try the cause, or if upon being called, the defend-

ant had failed to appear to prosecute his appeal, it might have been dismissed and the judgment of the justice affirmed. The record states that the defendant stood mute ; but it does not state that he refused to go to trial. Nor does it appear that any evidence was heard, or any motion entered requiring him to answer. And until some step had been taken by the plaintiff to procure a trial, or a dismissal of the appeal, he was not required to act. For aught appearing in the record, he may have been ready and prepared to have made a complete answer to any proof the plaintiff might have adduced, or to any other legal step that might have been taken by the plaintiff.

We think this error was well assigned, and that the judgment of the Circuit Court should be reversed, and the cause remanded for further proceedings.

*Judgment reversed.*