## GEORGE W. CARPENTER

*v.*

## CHARLES M. SHERFY *et al.*

71  427
69a 202

1. JUDGMENT—*must be for a certain and definite sum of money.* A judgment for "four hundred and sixty-one and 53-100 damages," is not for any sum of money, and is therefore a nullity.

2. SHERIFF'S DEED—*upon a sale on execution, must be to the purchaser or his assignee.* A sheriff's deed made in pursuance of a sale on execution, must be to the person to whom the certificate of purchase was issued, or to his assignee, and if the deed is made to another, although it recites that he is the assignee of the certificate, it is a nullity, if, in fact, the certificate was not assigned.

3. EJECTMENT—*evidence requisite to a recovery under a judgment title.* Ordinarily a plaintiff who seeks to recover under a judgment title, is only required to show a valid judgment, execution and sheriff's deed, but if the sheriff's deed recites an assignment of the certificate of purchase, and the plaintiff reads the certificate in evidence, and it appears that it was not assigned, it will prevent a recovery.

APPEAL from the Circuit Court of Ford county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Mr. S. D. PUTERBAUGH, for the appellant.

Mr. E. S. TERRY, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of ejectment, brought by appellees against appellant, to recover a certain tract of land in Champaign county. The venue of the cause was changed to Ford county, where a trial was had before a jury, and a verdict rendered in favor of appellees, for the land in question. A motion was made for a new trial and overruled, and judgment entered upon the verdict.

Several questions have been raised and discussed by the counsel of appellant, which, in the view we take of the case, it will not be necessary to consider.

The land in question was originally owned by A. G. Carl. The plaintiffs claimed title under a judgment rendered against Carl and a sale of the premises upon an execution.

The plaintiffs. in order to prove title in themselves, introduced in evidence the record of a judgment in the circuit court of Champaign county, in favor of John M. Dunlap and James Dunlap, against Albert G. Carl, rendered April 20, 1859, which reads as follows :

"This day (it being the second day of the term,) come the plaintiffs, by A. M. & H. W. Ayers, their attorneys ; and evidence of service of process upon the defendant being duly had, and he, being three times solemnly called, comes not, but herein makes default, it is therefore considered by the court that the plaintiffs have sustained damages, by reason of the non-performance of certain promises in plaintiff's declaration mentioned ; but because these damages are unknown to the court, therefore the clerk is ordered to assess and report the same. Whereupon the clerk assessed and reported the sum of four hundred and sixty-one and $\frac{53}{100}$ damages. which is, by the court, approved ; and thereupon it is adjudged that the plaintiffs recover of the defendant their damages aforesaid assessed, and also, their costs in this behalf expended, and that they have execution therefor."

The plaintiffs also offered in evidence a certified copy of an execution issued on the judgment, on the 20th day of May, 1859, and the return upon the same, showing a sale of the land in question, for the amount of judgment and costs.

Upon making the sale, the sheriff executed and delivered to J. M. Dunlap, one of the plaintiffs in the judgment, a certificate of purchase, but failed to file for record a duplicate thereof.

The original certificate was offered in evidence by the plaintiffs. It bears date Sept. 10, 1859, and shows a sale of the premises on that day to J. M. Dunlap on the execution for $493.64, amount of judgment and costs. This document was recorded by J. M. Dunlap on the 26th day of April, 1862.

Plaintiffs then read in evidence a sheriff's deed, dated the 26th day of April, 1862, from the sheriff to Jesse Burt. The deed recites that the deed is made to him as assignee of J. M. Dunlap, under and by virtue of the certificate of purchase.

The plaintiffs then read in evidence a deed from Jesse Burt to themselves, dated April 13, 1869.

Upon the evidence of the plaintiffs, regardless of that of defendant, we do not think the plaintiffs were entitled to recover. First, they failed to show a valid judgment, which was the foundation of their title, against Carl. The judgment, as appears by the record before us, is not for any definite sum of money. The judgment is for four hundred and sixty-one and $\frac{53}{100}$ damages. Whether this amount is cents, mills, or what, we are left entirely to conjecture. We have no right to indulge in presumptions as to what was found by the court; we must take the record as it reads. A judgment should be for a certain and definite sum of money. This judgment is not for any sum of money, and can only be regarded as a nullity. *Lawrence* v. *Fast*, 20 Ill. 338; *Pittsburgh, Ft. Wayne and Chicago Railway Co.* v. *City of Chicago*, 53 ib. 81.

The second defect in plaintiffs' title which must be regarded as fatal, is this: The certificate of purchase given by the sheriff to J. M. Dunlap, was not assigned. The statute only authorizes a sheriff to make a deed to a person other than the purchaser, upon the certificate of purchase being assigned.

Sec. 21, Gross, p. 381, declares: "Every certificate which shall be given by any officer to any purchaser, under the provisions of this chapter, shall be assignable by indorsement thereon, under the hand of such purchaser, etc. And every person to whom the same shall be assigned, shall be entitled to the same benefits therefrom, in every respect, that the person therein named would have been, if the same had not been assigned; and, in case the lands mentioned in such certificate shall not be redeemed in pursuance of law, shall be entitled to a deed therefor."

Ordinarily a plaintiff who seeks to recover under a judgment title, is only required to show a valid judgment, execution and sheriff's deed, but in this case the plaintiffs went one step further, and introduced in evidence the certificate of purchase, which was not assigned. This testimony, in the absence of proof showing an assignment, impeached the sheriff's deed.

The deed of the sheriff to Jesse Burt, the certificate of purchase not having been assigned by Dunlap, was unauthorized, and conveyed no title to him.

For the reasons here indicated, the judgment will be reversed and the cause remanded.

*Judgment reversed.*