McDaniel v. Bryan.

## JOSEPH McDANIEL, Adm'r,

## v.

## JACOB BRYAN.

1. SHERIFF'S DEED AS EVIDENCE.—A sheriff's deed is *prima facie* evidence that the provisions of the statute have been complied with, but it is not conclusive. A valid judgment, execution and sheriff's deed *prima facie* show a divestiture of title, but this may be rebutted by proper testimony.

2. RECITALS IN DEED.—The certificate of purchase required by law to be given by the sheriff to the purchaser, is the best evidence of what lands were actually sold by him under the execution. And a successor to such sheriff cannot by recitals in a deed made to complete such purchase, estop a party from showing that certain lands mentioned in such deed were not in fact sold.

3. PRACTICE—OBJECTION TO TESTIMONY.—An objection to the introduction of certain testimony cannot be made for the first time in this court.

4. FAILURE OF TITLE—RIGHTS OF PURCHASER.—Where a purchaser of land has received a deed therefor, he may not defeat a suit upon a note given for the purchase money, on the ground of a failure of title, and at the same time retain the land and enjoy its profits.

APPEAL from the Circuit Court of Clay county; the Hon.

THOMAS S. CASEY, Judge, presiding.   Opinion filed April 7, 1881.

Mr. RUFUS COPE, for appellant ; that a sheriff's deed may be impeached by production of the certificate, cited Carpenter v. Sherfy, 71 Ill. 427; Stevenson v. Thompson, 13 Ill. 186.

Payment may be shown by parol to defeat a sheriff's deed : Rogers v. Marshall, 38 How. Pr. 43 ; Durett v. Briges, 47 Mo. 356.

Defective return of a levy is not cured by recitals in the deed : Langley v. Jones, 32 Md. 171.

To prove title under a sheriff's deed there must be shown a valid judgment, execution, levy and sale: Davis v. McVickers, 11 Ill. 327; Kinney v. Knoebel, 47 Ill. 417; Jackson v. Spink, 59 Ill. 404; Gardner v. Eberhart, 82 Ill. 316.

The grantee cannot retain the land and recover substantial damages by original suit or by way of recoupment, for a breach of the warranty of title : Harding v. Com. Loan Co. 84 Ill. 260 ; Yazell v. Palmer, 81 Ill. 82 ; Long v. Saunders, 88 Ill. 147 ; Bond v. Ramsey, 89 Ill. 29 ; Whitlock v. Delinger, 59 Ill. 96 ; Laforge v. Mathews, 68 Ill. 328 ; Vining v. Lee-man, 45 Ill. 246 ; Mahoney v. Robins, 49 Ind. 146 ; Harvey v. Morris, 63 Mo. 475.

Mr. W. B. COOPER and Mr. F. G. COCKRELL, for appellee ; that the only evidence of title under a sheriff's deed necessary to be shown, is a valid judgment, execution and deed, cited Johnson v. Baker, 38 Ill. 99 ; Davis v. McVickers, 11 Ill. 327 ; Osgood v. Blackmore, 59 Ill. 261 ; Hinman v. Pope, 1 Gilm. 131.

The presumption is in favor of the regularity of the sale : Bybee v. Ashby, 2 Gilm. 151.

The sole object of the certificate is to show the purchaser when to demand a deed : Lloyd v. Karnes, 45 Ill. 62 ; Carpenter v. Sherfy, 71 Ill. 427 ; Stevenson v. Thompson, 13 Ill. 186.

The presumption is that the sheriff would not have made a deed for lands not included in the certificate : Stewart v. Croes, 5 Gilm. 442 ; Phillips v. Coffee, 17 Ill. 154.

Irregularities in the sale cannot be inquired into collaterally; Kinney v. Knoebel, 47 Ill. 417 ; Rigg v. Cook, 4 Gilm. 336 ; Swiggart v. Harber, 4 Scam. 364.

The making of a duplicate certificate for record is a ministerial act, and the purchaser cannot be affected by it : Jackson v. Young, 5 Cow. 269 ; Scruggs v. Scruggs, 41 Mo. 242.

Upon the right to recover damages by way of recoupment of the purchase money : Jone v. Wilson, 81 Ill. 529 ; Gregory v. Scott, 4 Scam. 392 ; Davis v. McVickers, 11 Ill. 327 ; Slack v. McLagan, 15 Ill. 242.

BAKER, J. This was assumpsit, brought by McDaniel, administrator of Ellen Maxwell, deceased, on a promissory note for $266.67, executed to his intestate by appellee. The note was given for part of the purchase-money of one hundred and twenty acres of land, for which appellee got a warranty deed with covenants of title. The defense was a failure of title to forty acres of the land.

The title of the land had been in the husband of intestate, and the deed was executed by the husband and wife, and the note made to the wife. Theretofore a judgment had been rendered in the Richland County Circuit Court, against the husband and others for $1,456.11, upon which an execution had been issued to Clay county, and been levied on several tracts of land, including the forty-acre tract in question, as the property of the husband; a certificate of levy was filed by Monical, the then sheriff, and duly recorded; and afterwards Gray, his successor in office, made a deed of the land, properly describing the judgment and execution. It was claimed by the plaintiff, that this particular tract of land was never in fact sold; that while the levy may have remained a lien to the extent of the unsatisfied residue unpaid by the sale of the other lands, yet subject to this lien, the title passed to and remained in appellee. He further claimed the amount due on the judgment at the time of the sale was about $190, and that the husband surrendered to appellee a $200 note he held against him, and appellee in consideration thereof, agreed to pay off the residue unpaid on the judgment. The defendant, appellee, introduced

the judgment, execution and sheriff's deed; and claimed they were conclusive evidence of a sale and of the divestiture of title. The return of Monical, the sheriff, on the execution, stated the "execution was satisfied by sale of said lands," but did not specify what particular tracts were sold. On the trial plaintiff offered in evidence the certificate of purchase, as the same appears in the Recorder's office of Clay county, for the purpose of showing that the forty-acre tract had not been sold and of showing what tracts had been sold, and for what sums. Appellee objected to its introduction, on the ground it was irrelevant, the execution and deed being conclusive evidence of the sale; and the court sustained the objection, and the proffered testimony was excluded from the jury.

The statute provides that a sheriff's deed "shall be *prima facie* evidence that the provisions of the law in relation to the sale of the property for which it is, or may be given, were complied with."

The mere statement that the deed shall be *prima facie* evidence rebuts the idea that it is conclusive evidence; and necessarily implies that the *prima facie* case may be contradicted.

A valid judgment, execution and sheriff's 'deed would ordinarily show a divestiture of title, but they do not conclusively show such facts.

The deed is evidence that the law has been complied with, until the contrary is shown. Jackson v. Spink, 59 Ill. 504. In Carpenter v. Sherfy, 71 Ill. 427, the sheriff's deed recited an assignment of the certificate of purchase to the grantee, but the certificate itself was in evidence and had not been assigned; and it was held this testimony impeached the deed and rendered it a nullity. If, as a matter of fact, this forty-acre tract of land was not sold by the sheriff, Monical, on the execution, then his successor, Gray, could not by afterwards assuming to execute a deed which included this forty acres, preclude plaintiff from showing it was not sold. It would be monstrous to hold a sheriff has power by his mere recitals to deprive a citizen of his estate which has never been sold or offered for sale —and that such recitals of the officer would be regarded as ab-

McDaniel v. Bryan.

solute verity, and the citizen not allowed to allege and prove the truth.

The presumption would be the officer did his duty, and in most cases the deed would be sufficient proof the land was sold; but if the fact were otherwise, it might be so shown. We would think the certificate executed at or about the time of the sale by the sheriff who made the sale, and which he was required by law to make, and file for record, and which he did file for record, would afford better evidence as to what land was sold than the recitals in a deed, made by another and different person who succeeded him in office, executed years afterwards.

Section 16 of chapter 77 of the Revised Statutes, requires the sheriff to "give to the purchaser a certificate describing the premises purchased by him and showing the amount paid therefor." And section 17 requires the sheriff within 10 days after the sale to file in the office of the recorder "a duplicate of such certificate which shall be recorded by such recorder," and provides that "such certificate, or duplicate, or record, and certified copy of the record thereof, shall be evidence of the facts therein stated."

The description of the premises sold is one of the matters required to be stated in the certificate, and the statute expressly makes the certificate, or duplicate, or record thereof, evidence of such fact. It may be this one tract of land was accidentally omitted from the duplicate certificate filed with the recorder, but was included in the certificate delivered to the purchaser; if so, the production of the certificate delivered or proof of its loss and contents, or other testimony, might be introduced. Although the certificate of purchase is no necessary part of the proof of title, yet it has both by express statutory provision and upon sound reason and principle an evidential character and value.

In Gardner v. Eberhart, 82 Ill. 316, it was said : "It is no part of the office of a sheriff's return to show what land is sold upon the execution. The office of the return is, to show the satisfaction or part satisfaction of the judgment, or the failure to make satisfaction of any part of the judgment.

When land is sold at sheriff's sale, the sale, with the sub ject-matter thereof and the name of the purchaser, may be shown by the certificate of purchase, or by the recitals in the sheriff's deed."

It was error in the court to sustain the objection to the introduction of the duplicate certificate of purchaser in evidence.

Appellee was a competent witness for himself, as to the matters testified to by Maxwell and Rayburn, in their testimony for plaintiff. If objection had been made to permitting him to testify as to his transactions with the bank, and as to statements made to him by the bank officers, it would doubtless have been sustained; but such objection cannot be raised in the appellate court for the first time. The instructions of the court were upon the theory that if there was a failure of title as to the forty-acre tract of land, then it was not necessary to show eviction, or that the paramount title had been asserted, but that appellee might continue in possession of the land under his deed, and at the same time avoid the payment of his promissory note given for the purchase-money, upon the ground that the grantors in the deed had no title. We do not understand such to be the law. In Vining v. Leeman, 45 Ill. 246, Mr. Justice Lawrence states the distinction between a case where the contract is executory, and the vendor has contracted to convey an indefeasable title and is not able to do so, in which case the purchaser may refuse to accept the deed, and successfully resist the payment of the purchase-money, and the case of an accepted deed, with covenants. To permit a vendee of land receiving a deed with covenants of title to avoid payment of purchase-money, on the ground the grantor had no title " would," he says, "work a most palpable injustice, since we should thus permit the defendant to retail possession of the land and enjoy the rents and profits under a title by means of which he may soon be able to protect that possession against all the world, and practically become the owner, and at the same time be absolved from the payment of his notes. In Laforge v. Mathews, 68 Ib. 328, defense was made against promissory notes given for purchase-money, and the covenants in the deed

were those of seizin and good right to convey, and the court held demurrers had properly been sustained to pleas alleging a want of title in the grantor. It was then said: "Indeed, it would be contrary to every principle of justice to permit the purchaser to retain possession of the land, and enjoy the rents, and profits thereof, and not pay the purchase-money. The case seems to be on all fours with this. In Tone v. Wilson, 81 Ill. 529, the deed was for the whole interest in the land, but the grantor was only seized of an undivided interest. This undivided interest vested in the grantee under his deed, and his possession was the possession of his co-tenants as well as of himself, and could not be adverse to and ripen into, an absolute bar against the titles of his co-tenants, and he was bound to account for rents and profits to the co-tenants. This may explain the seeming disagreement between this case and those above cited. There is no question that the want of title, without eviction, is a breach of the covenant of seizin; but then the grantee can not remain in undisturbed possession of the land, enjoying the rents and profits, and without delivering up possession to his grantor, or re-conveying, or offering to re-convey and yet successfully defend against notes given for the purchase money; he cannot keep both the land and the price of the land.

The instructions of the court were erroneous. The judgment is reversed and the cause remanded for a new trial.

Reversed and remanded.

CASEY, J., took no part in the decision of this case.