## Seymour-Danne Co. v. Rufus P. Jennings.

1. APPEALS—*By Garnishees.*—An appeal lies by a garnishee from a judgment in a proceeding by garnishment before a justice of the peace, and the Circuit Court, when the appeal is taken to that court, has jurisdiction, and must dispose of the same as in appeals in other cases.

2. SAME—*From Justices—Trial to be De Novo.*—On appeal from a justice of the peace the trial must be *de novo*, and the cause must be heard on the evidence and not on the transcript of the proceedings before the justice.

3. SAME—*How to be Disposed of.*—When an appeal from a justice of the peace is properly before the court to which such appeal is taken and the necessary service has been had, the court must hear the evidence on the trial, or if the appellant fails to prosecute his appeal the appellee may have it dismissed and the judgment of the justice affirmed.

**Attachment and Garnishee Proceedings.**—Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the October term, 1899. Reversed and remanded. Opinion filed April 16, 1900.

JAMES A. FULLENWIDER, attorney for appellant.

COLIN FYFFE, attorney for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

J. Jackson Todd sued out a writ of attachment against Rufus P. Jennings, the appellee, before a justice of the

peace, and the writ was served on appellant, the Seymour-Danne Co., as garnishee. Such proceedings were had that, March 14, 1899, a judgment was rendered against Jennings, the defendant in attachment, for the sum of $173.20, and March 25, 1899, a judgment was rendered in favor of Rufus P. Jennings, for the use of Todd, against appellant, the Seymour-Danne Co., from which judgment this appeal is taken. The appeal was taken by filing an appeal bond with the clerk of the Circuit Court, and a writ of supersedeas was issued from that court April 14, 1899, and was served on the justice the next day.

June 23, 1899, the court, on motion of the plaintiff's attorney, dismissed the cause for want of jurisdiction.

It is apparent, from the record, that the appeal was taken in apt time. The judgment against appellant was rendered March 25, 1899, and the supersedeas was issued April 14, 1899, less than twenty days from the rendition of judgment. There can be no question that an appeal lies in such case, and, consequently, none of the jurisdiction of the court to entertain the appeal. For what reason the court dismissed the appeal does not appear from the record, but counsel on both sides refer to the transcript of the justice as the ground on which the court acted. The statute provides that the rights of the parties shall be the same as in original actions. Hurd's Rev. Stat., 1899, p. 1090, Sec. 74.

On appeal the trial must be *de novo* and the cause must be heard on the evidence and not on the transcript of the proceedings before the justice. Shook v. Thomas, 21 Ill. 87, 90; Swingley v. Haynes, 22 Ill. 214, 216; Ohio & Miss. R. R. Co. v. McCutchin, 27 Ill. 9.

In Shook v. Thomas, *supra*, the court say:

" The trial can not be had upon the transcript of the justice's record, but the court must hear the evidence on the trial; or, if the appellant shall fail to prosecute his appeal, the appellee may have the appeal dismissed and the judgment of the justice of the peace affirmed. But the case, when properly in the Circuit Court by appeal, and the necessary service has been had, must be disposed of in one of these modes."

In the present case the appeal was properly taken; no evidence was heard nor was the case dismissed for failure of appellant to prosecute its appeal.

If it appears on the trial in the Circuit Court, from the answer of appellant or otherwise, that there was an assignment, prior to the attachment, of the indebtedness of appellant, the garnishee, to the Jennings Provision Company, or any other corporation or person, the alleged assignee must be brought in, as provided by section 12 of the garnishment act.   Hurd's Stat., 1899, p. 933, Secs. 11 and 12; Chott v. Tivoli Amusement Co., 82 Ill. App. 244.

The motion to strike the bill of exceptions from the files will be overruled, and the judgment will be reversed and the cause remanded.