## Alexander Flannigen v. C. E. Pope.

1. APPEALS—*By a Garnishment Does Not Affect the Judgment Against the Defendant in the Attachment.*—When a judgment is rendered by a justice against a defendant in attachment, and afterward a judgment is also rendered by him against a party served with a garnishee process in the same proceeding, and the defendant in the garnishee proceeding takes an appeal, but the defendant in the attachment does not, nor does he join in the appeal by the garnishee, but abides by the judgment rendered against him in the attachment, such judgment is not vacated by the appeal taken by the garnishee from the judgment rendered against him, but remains in full force and effect.

2. SAME—*Practice on Appeals in Garnishment Proceedings.*—Where a party summoned as garnishee of a defendant in attachment before a

justice of the peace, appeals from the judgment rendered against him and the defendant in the attachment does not, but abides by the judgment rendered against him, on the trial of the appeal by the garnishee, in the Circuit Court, the transcript of the justice is admissible as competent proof of the judgment upon which to base the proceedings against the person summoned as garnishee.

3. PRACTICE—*In Attachment and Garnishee Proceedings.*—In attachment and garnishee proceedings before justices, where the suit is commenced by attachment, the procedure as to the garnishee is under the attachment act (R. S., Ch. 11) only, until it has reached the stage where judgment has been rendered against the defendant in attachment, and thereafter the proceeding against the person summoned as garnishee is under the garnishee act (R. S., Ch. 62), the same as in ordinary garnishee proceedings on a judgment where an execution has been returned unsatisfied and exists only by virtue of such act.

**Attachment and Garnishee Proceedings.**—Appeal from the City Court of East St. Louis; the Hon. SILAS COOK, Judge, presiding. Heard in this court at the February term, 1901. Affirmed. Opinion filed September 4, 1901.

B. H. CANBY, attorney for appellant.

L. E. SHAEFFER, attorney for appellee.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

The questions in this case arise out of an attachment proceeding originally commenced before a justice of the peace by appellee against one Mary Farrell, in which proceeding appellant was regularly summoned as garnishee. The proceeding was duly prosecuted to judgment in favor of appellee against Farrell, rendered August 1, 1900, and to final judgment against appellant as garnishee for use of appellee, attaching and then judgment creditor of Farrell, rendered August 7, 1900. From this judgment appellant appealed to the City Court of East St. Louis. Farrell did not appeal nor join in the appeal nor was she in any manner made or asked to be made a party thereto, and she did not appear in the case at any stage thereof.

Upon the trial in the City Court, appellee offered the justice's docket, showing his judgment against Farrell. This the court admitted in evidence over appellant's objec-

tion. No evidence of the original indebtedness from Farrell to appellee was offered. At the conclusion of the trial the court rendered judgment in favor of appellee against appellant as garnishee. No judgment was rendered in that court against Farrell. To the admission in evidence of the justice's docket, and the rendering of judgment against him, appellant excepted, and assigns upon the record these acts of the court as error.

Appellant's whole case, stated in the language of his counsel, is:

" In this case no evidence was heard upon the trial in the City Court proving or tending to prove that Mary Farrell, the defendant in attachment, was in any manner indebted to C. E. Pope, the plaintiff in attachment. True, the docket of the justice was introduced in evidence, which showed the rendition of a judgment against the defendant in attachment, but that judgment was vacated by the appeal, and was therefore no evidence whatever upon which the court could render a judgment against the defendant in attachment. But the court did not render any judgment whatever against the defendant in attachment. It rendered a judgment in favor of Mary Farrell, the defendant in attachment, for the use of C. E. Pope, the plaintiff in attachment, and against the garnishee, for the sum of $25 and costs of suit. The garnishee would not be protected in paying this judgment against a suit brought against him by Mary Farrell, the defendant in attachment. The court has no jurisdiction to render a judgment against the garnishee until it has first rendered judgment against the defendant in attachment. The court in this case had jurisdiction to render a judgment against the defendant in attachment, but it did not do so. In the absence of such judgment it was clearly erroneous to render a judgment against the garnishee."

In support, counsel cites Sec. 91, Chap. 79, Starr & Curtis' Statutes; Reynolds v. DeGeer, 13 Ill. App. 113; Seymour-Danne Co. v. Jennings, 88 Ill. App. 347, and Lee v. Bodley, 92 Ill. App. 523.

The statute is:

" No final judgment shall be entered against a garnishee in any attachment proceedings until the plaintiff shall have recovered a judgment against the defendant in such attachment."

True, but the plaintiff (appellee here) had recovered a judgment against the defendant in attachment (Farrell), as was proven by the justice's docket, which the court admitted in evidence for that purpose. In answer to this condition, appellant's counsel contends that by appellant's appeal alone the judgment in favor of appellee against Farrell was "vacated," and that such appeal brought up to the City Court for trial *de novo*, the issues between appellee and Farrell which had been determined in that judgment and from which no appeal had been taken, and that in absence of such trial *de novo* in the City Court and judgment over again in that court, in favor of appellee against Farrell, that court had no jurisdiction to render judgment against appellant as garnishee. This brings us to the controlling question in the case. Did the appeal, by appellant alone, from the final judgment rendered against him on August 7th, "vacate" appellee's judgment against Farrell, rendered August 1st, and bring all the issues involved in that case up to the City Court for trial *de novo*? If Farrell had appealed or joined in the appeal there could be no doubt.

Sec. 54, Chap. 11, of statutes above quoted from, provides:

"When an attachment shall be returned served upon any person as garnishee, the justice shall make an entry upon the record of his proceedings in the case, stating the name of such person summoned, and continue the case as to such garnishee, and shall proceed with the case as against the defendant in the attachment, as though the attachment had been levied on personal property."

Sec. 55 provides, that when judgment is entered by a justice of the peace against a defendant in attachment in such case, the justice shall issue a summons against the garnishee requiring him to appear, at a time and place, not less than five nor more than fifteen days, to answer, and Sec. 56 provides, that the further proceedings against the garnishee shall be had in pursuance to the act on garnishment. The act on garnishment (Chap. 62) provides in detail for the trial and judgment as to the garnishee for appeals from

such judgments. It must be borne in mind that where the suit is commenced by attachment, the procedure as to the garnishee is under the attachment act (Chap. 11) only, until it has reached the stage where judgment has been rendered against the defendant in attachment, and that thereafter the procedure against the garnishee falls under and shall progress in pursuance to the garnishment act the same as would an ordinary garnishee proceeding on an ordinary judgment where execution has been returned " no property found." The garnishee's right to take and prosecute a separate appeal as was done in this case, exists only by virtue of Sec. 28 of the garnishment act.

In the subsequent proceedings against the garnishee he has no interest concerning the judgment of plaintiff against the defendant in attachment, except to know and demand that it be properly proven, before final judgment is entered against him, that such judgment against the defendant in attachment in fact exists, and that the court had jurisdiction to render it. In Pomeroy v. Rand, McNally & Co., 157 Ill. 176, the court says:

" If the proceedings in attachment are void, they may be attacked by the garnishee; but if the court had jurisdiction, its errors and irregularities can only be called in question by the defendant in the original attachment. * * * Whether or not the Circuit Court heard evidence as to the indebtedness claimed by the plaintiff in attachment from the defendant is a matter of no concern to the garnishee."

This case is in many respects analogous to the case at bar. It too, was a suit in attachment commenced before a justice of the peace; judgment was rendered against the defendant in attachment, the garnishee alone appealed to the Circuit Court; upon the trial in the Circuit Court that court heard no evidence as to the alleged indebtedness from the defendant in the attachment to the plaintiff, and rendered judgment against the garnishee, as was done by the City Court here.

We think counsel for appellant has misconceived the authorities upon which he relies. In Reynolds v. DeGeer, the defendant in attachment appealed, which of course

vacated the judgment against him and brought up the case
for trial *de novo* in the Circuit Court.   In Seymour-Danne
Co. v. Jennings, judgment was rendered against the defend-
ant in attachment on March 14th, and against appellant, the
garnishee, on March 25th.   From this latter judgment the
garnishee on April 14th appealed.   No appeal was taken by
the defendant in attachment from the judgment against
him.   The Circuit Court dismissed the appeal, upon what
grounds is not stated, but probably on the erroneous theory
that the appeal by the garnishee brought up for re-trial the
issues between the plaintiff and the defendant in attach-
ment, and that the transcript showed that more than twenty
days had elapsed after the rendition of that judgment before
the filing of the appeal bond.   The appeal was by the
garnishee alone, and the Appellate Court held that the
judgment appealed from was the one of March 25th against
the garnishee, that an appeal will lie from such judgment,
and that as twenty days had not elapsed since the rendition
of that judgment, the appeal was properly taken, and that
the garnishee was entitled to a trial *de novo* as to the issues
involved in its appeal.   This case does not hold that the
appeal by the garnishee from the judgment of March 25th,
against it, " vacated " the judgment of March 14th against
the defendant in attachment and brought up for trial *de
novo* the issues determined by that judgment.   In Lee v.
Bodley, one Miller was the plaintiff, Bodley was the defend-
ant in attachment, and Lee was the garnishee.   After judg-
ment had been rendered against Bodley, the garnishee
answered that he had $225 in his hands, but that it was
claimed by certain intervenors, among them one Wilce.
The justice disallowed the claims of the intervening claim-
ants and rendered judgment against the garnishee for use
of Miller, the plaintiff in attachment.   From this judgment
the garnishee appealed to the Circuit Court.   No appeal
was taken by Bodley nor was he in any manner made a
party.   The Circuit Court entered judgment against the
garnishee, but in favor of the intervening claimant Wilce,
instead of rendering it as the justice had, in favor of Mil-

ler, Bodley's attaching creditor. From this judgment the garnishee again appealed to the Appellate Court. The Appellate Court held that under the facts in the case Bodley was a necessary party to the appeal, and say :

"He was an interested party. The answer of the garnishee discloses $225 in the latter's hands in which presumably Bodley had, or claimed to have an interest. By the judgment against the garnishee as rendered by the justice in favor of Miller, the attaching creditor, the fund in the garnishee's hands would have been applied to Bodley's use in payment of the judgment against him, and if so applied he would have no cause to complain. * * * But by the judgment of the Circuit Court, the fund in controversy is taken away from Bodley, and from his judgment creditor, and given to Wilce, a third party, without that court acquiring jurisdiction over Bodley or giving him a chance to assert his claim. A judgment is in effect rendered against Bodley * * * in a case to which he is not a party."

It is true that there are, near the end of the opinion, some general statements made in connection with an authority there cited, viz., Iroquois Furnace Co. v. Wilkin Mfg. Co., 181 Ill. 582 (590), which might be so understood as to lend support to appellant's contention; but when the language of the court is considered in the light of the facts of the case in which it is used and of the authority cited in connection with it, we feel quite sure the court meant no more than to emphasize the necessity of the courts having jurisdiction over all the parties directly and prejudicially affected by their judgments. What is there said is not necessary to the conclusion reached by the court in that case; the case cited, in connection with the language used, was not an appeal case from a justice of the peace, but was originally commenced in the Circuit Court, and there is not a word in it about the procedure in such appeal cases, nor about the effect upon a judgment against a defendant in attachment of an appeal by a garnishee alone, from the final judgment subsequently rendered against him, nor about the trial *de novo*, and finally, if the language used be understood as appellant contends, then it does not correctly state the law as we understand it.

We are of opinion that under the facts of this case it was not error for the court to admit the justice docket in evidence for the purpose of proving the judgment of August 1st, in favor of appellee against appellant, without first hearing evidence to prove that the defendant in attachment was indebted to appellee and rendering judgment over again in that court against her.

We hold that appellant's appeal was from the judgment of August 7th against him, that it was taken and prosecuted under Sec. 28 of the garnishment act, and that it did not " vacate " the judgment of August 1st, in favor of appellee against Farrell, the defendant in attachment, and bring up to the City Court for trial *de novo*, the issues between those parties which that judgment had determined. The judgment of the City Court of East St. Louis is affirmed.