## Charles A. Kimmel v. Frank Meier.

1. SHERIFF—*Statute Does Not Make His Return Evidence of Anything Relating to Title.*—The statute does not make the sheriff's return of an execution evidence of anything relating to the title of property. Its only office is to show the satisfaction, or part satisfaction, of the judgment, or the failure to make satisfaction of any part of the judgment.

2. SHERIFF'S DEED—*Prima Facie Evidence.*—In the case of a valid judgment in a court of record and execution thereunder, and a sheriff's deed of real estate purporting to be made under such execution after due lapse of time, whether to the person named in the certificate of sale, or to some other person, the deed is *prima facie* evidence that the execution was duly levied upon the land conveyed by the deed; that a certificate of levy was filed if the statute required it, as in case of an execution from another county; that notice of the intended sale of said land under said execution was given pursuant to law; that said land was by the sheriff duly exposed for sale at public vendue at the time and place named in the notice; that it was duly sold at said sale to some person; that a certificate of sale was duly issued and a duplicate thereof filed for record; that said land was not redeemed by the judgment debtor, and that the grantee in the deed was either the purchaser or the assignee of the certificate of sale, and generally, that all the provisions of law governing the procedure to be had between the issue of the execution and the sheriff's deed were complied with, so as to make the deed a valid transfer of the title of the judgment debtor to the grantee in the sheriff's deed.

Forcible Detainer.—Appeal from the Circuit Court of Peoria County; the Hon. LESLIE D. PUTERBAUGH, Judge presiding. Heard in this court at the October term, 1902. Reversed and remanded. Opinion filed January 27, 1903.

CHARLES A. KIMMEL, *pro se.*

QUINN & QUINN and GEORGE K. BEASLEY, attorneys for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

This was an action of forcible detainer brought by

Charles A. Kimmel against Frank Meier, before a justice
of the peace, to recover possession of the east half of lot
nine of Daugherty's Out-Lots, a subdivision in Peoria
county. On the trial of the cause in the Circuit Court on
appeal, the court, at the close of all the proof, instructed
the jury to find for defendant. A verdict for defendant
was rendered, a motion by plaintiff for a new trial was
denied, defendant had judgment, and plaintiff appeals.
There was no jurisdiction here to determine title, but only
the right to possession, though in determining that right
some questions must be considered which would also arise
if the title were in issue. The suit is brought under the
sixth paragraph of section two of chapter fifty-seven of
the revised statutes, which enacts that the person entitled
to the possession of lands may be restored thereto in the
manner there provided, when such lands have been sold
under a judgment of any court in this state, and the party
to such judgment refuses or neglects to surrender possession
after the expiration of the time for redemption and after
demand in writing for possession by the person entitled
thereto.

This land once belonged to John Wasmuth. While Was-
muth had title Edward Richardson obtained a judgment
against Wasmuth before a justice, and after the issue and
return of an execution *nulla bona*, filed a transcript of the
proceedings with the circuit clerk, and had execution issued
by that officer to the sheriff of the county. Indorsements
by the sheriff on said execution show a levy thereof on this
land, and that the land was "duly advertised and sold
according to law to Charles A. Kimmel for $141.35."
Mrs. Augusta Bocking afterward recovered a judgment
before a justice against Wasmuth, and after the issue and
return of an execution *nulla bona*, filed a transcript of the
proceedings with the circuit clerk and had execution issued
by that officer to the same sheriff. That execution was
issued after the twelve months allowed the debtor to
redeem and during the three months allowed creditors to
redeem. Indorsements on said execution show the levy of

said execution on the real estate in question; that Mrs. Bocking paid the sheriff $168.18 to redeem the property from the prior execution sale to Kimmel; that the sheriff duly advertised said real estate for sale under said execution; that there was no bid, and the sheriff sold said real estate to Mrs. Bocking for the amount of her bid, being the sum deposited with the sheriff. On the date of said sale shown by said indorsements upon said execution, the sheriff conveyed the premises to Mrs. Bocking by a deed which contained full recitals of every step from the recovery of the Richardson judgment before the justice down to the sale to Mrs. Bocking, including both the facts disclosed by the recitals of the two executions and all action to which the sheriff was a party under each execution. The proof also showed that on April 16, 1900, Wasmuth conveyed to Frederick Martin; that Meier was tenant under Wasmuth, and after said deed attorned to Martin; that before this suit was brought plaintiff served demand for possession upon Meier in possession, and possession was not surrendered. Plaintiff claims this proof entitled him to recover. Plaintiff did not introduce in evidence a certificate of sale under the Richardson execution, nor a duplicate thereof, nor the record thereof, nor a certified copy of such a record, which certificate is required to be executed and a duplicate thereof recorded, by sections sixteen and seventeen of chapter seventy-seven of the revised statutes, relating to judgments, executions and redemptions, and which certificates and record thereof are by said section seventeen made evidence of the facts therein stated. Plaintiff did not introduce a certificate of redemption from said execution sale, nor a record thereof, nor a certified copy of such record, which certificate of redemption is required by section nineteen of said statute to be executed and recorded. Plaintiff did not show whether such certificates of sale and of redemption were issued and recorded. Defendant claims that in the absence of such certificates plaintiff has failed to prove a sale and redemption of the premises, and that for want of such proof the court properly directed a verdict for defendant.

Plaintiff claims he made the required proof by the indorsements upon the executions, the substance of which is above stated. In Osgood v. Blackmore, 59 Ill. 261, 271, the court said:

"The return of the sheriff forms no part of the title. The title would be equally as good without as with a return. Nor can the sheriff, by anything he may say in his return, in the slightest degree affect the rights of the purchaser. The statute has not made the return evidence of anything relating to the title, nor is it made notice."

In Gardner v. Eberhart, 82 Ill. 316, it is said:

"It is no part of the office of a sheriff's return to show what land is sold upon the execution. The office of the return is to show the satisfaction or part satisfaction of the judgment or the failure to make satisfaction of any part of the judgment. Where land is sold at sheriff's sale, the sale, with the subject-matter thereof and the name of the purchaser, may be shown by the certificate of purchase or by the recitals in the sheriff's deed." (McDaniel v. Bryan, 8 Ill. App. 273.)

We conclude that the indorsements by the sheriff on these executions were not competent evidence and did not prove that the land was sold under the Richardson execution, nor that it was redeemed from such an execution sale by Mrs. Bocking as a judgment and execution creditor.

But plaintiff relies chiefly upon the deed from the sheriff to Mrs. Bocking, and upon the recitals therein, to supply the proof of the sale and redemption of this land. The sheriff's deed fully recites the levy upon and sale of the premises to Kimmel for $141.35 on May 5, 1899, under the Richardson execution. It also recites that on May 7, 1900, an execution was issued by the circuit clerk on Mrs. Bocking's judgment, and contains a detailed recital of the deposit by Mrs. Bocking with the sheriff on May 7, 1900, of $149.88, and that that was the amount necessary to redeem said real estate from said sale to Kimmel; that the sheriff levied said execution upon said real estate, and advertised the time and place of the sale of said premises under said execution according to law, and at said time and place offered said premises at public sale; that there

was no bid above the redemption money, and said premises were struck off and sold to Mrs. Bocking for the amount of said redemption money, interest and costs of sale, being $162.18. The question is whether either the deed itself or these recitals therein issufficient proof of a valid sale under the Richardson execution and of a valid redemption and sale under the Bocking execution.

Section thirty-one of the statute in question gives a form for a sheriff's deed. It contains various recitals, but none that exactly fit the case of a redemption by a creditor and a resale. Yet the form given bears evidence that it was intended that the officer should recite the material facts, as, for instance, where it says: " If the certificate has been transferred, recite the fact." The officer is not limited to the exact words of the form given, but it says: " The deed may be substantially in the following form." Section thirty-three of said statute enacts that the sheriff's deed shall be *prima facie* evidence that the provisions of the law in relation to the sale of the property for which it is given were complied with. What provisions are meant? Not that a valid judgment was recovered and a valid execution issued thereunder, unless it is proved there has been a loss or destruction of the record of the judgment or of the execution levy thereon, when, by said section thirty-three the deed also becomes *prima facie* evidence of those facts. In Osgood v. Blackmore, *supra*, it is said that " when a plaintiff in ejectment seeks to recover land against the defendant in execution, or when it becomes necessary to rely on a sheriff's deed as the link in his chain of title, he is only required to produce a judgment, an execution thereon, and the sheriff's deed for the premises. This rule is so familiar that it requires no citation of authorities in its support. Having produced these, he has shown a *prima facie* transfer of the title from the defendant in execution to the person to whom the sheriff has conveyed." In Gardner v. Eberhart, *supra*, it is said that where land is sold at sheriff's sale, the sale, with the subject-matter thereof and the name of the purchaser, may be shown by the recitals in the

sheriff's deed, and also that the certificate of sale and the assignment thereof ceased to be essential muniments of title after the execution of the sheriff's deed. In the case, then, of a valid judgment in a court of record and execution thereunder, and a sheriff's deed of real estate purporting to be made under such execution after due lapse of time, whether to the person named in the certificate of sale or to some other person, the deed is *prima facie* evidence that the execution was duly levied upon the land conveyed by the deed; that a certificate of levy was filed if the statute required it, as in case of an execution from another county; that notice of the intended sale of said land under said execution was given pursuant to law; that said land was by the sheriff duly exposed to sale at public vendue at the time and place named in the notice; that it was duly sold at said sale to some person; that a certificate of sale was duly issued and a duplicate thereof filed for record; that said land was not redeemed by the judgment debtor, and that the grantee in the deed was either the purchaser or the assignee of the certificate of sale; and, generally, that all the provisions of law governing the procedure to be had between the issue of the execution and the sheriff's deed were complied with, so as to make the deed a valid transfer of the title of the judgment debtor to the grantee in the sheriff's deed. In this case the execution on the Richardson transcript of judgment was dated March 28, 1899. The deed recites the sale thereunder was on May 5, 1899. If the sheriff's deed to Kimmel had been issued after the expiration of fifteen months from that sale, that is, after August 5, 1900, and had purported to be based on a sale under that execution only, the deed would have been *prima facie* proof the grantee in said deed was entitled thereto, either by virtue of having been the purchaser at that sale or the assignee of the certificate of sale. But the sheriff's deed was in fact dated and acknowledged June 5, 1900, after the expiration of the judgment debtor's right to redeem, but before the expiration of the right of judgment creditors to redeem. One state of facts, and only one, would

Kimmel v. Meier.

authorize such a deed, namely, if another judgment creditor placed an execution against the same judgment debtor in the hands of the same sheriff, and paid him the amount required to redeem from the former execution sale, and the sheriff, after the expiration of twelve months from the first sale, advertised the premises for sale under said second execution, and held such sale pursuant to the notice, and no one bid more than the amount so deposited to redeem. In such case it would be the duty of the sheriff to strike off and sell the premises to the redeeming creditor for the amount so deposited, and at once execute to such purchaser a deed of the premises, under the provisions of section twenty-one of said statute. Plaintiff here proved a second creditor of the same debtor obtained a valid judgment against said debtor, filed a transcript with the clerk of the Circuit Court after the expiration of the twelve months from the first sale, and that a valid execution issued thereunder to said sheriff on May 7, 1900, long enough before the date of the deed, so that if said second judgment creditor then deposited the redemption money there was time enough for the sheriff to have made said second levy and advertised and sold said premises to the second creditor for the amount of her deposit, pursuant to law, prior to the date of the sheriff's deed. The sheriff recites that all these steps were taken, and gives the details of each step taken to effect such redemption and sale. The statute does not say the deed shall be evidence that all the provisions of the law relating to the sale of the property have been complied with, if there has been one execution and one sale, but shall not be such evidence if there has been redemption by an execution creditor from the first sale and a resale. The resale on a second execution after redemption by the creditor in that execution is pursuant to section twenty and succeeding sections of the same statute, and these "provisions of the law in relation to the sale of the property" for which the deed is given are just as much within the language and intent of section thirty-three concerning the effect of the deed as evidence, as are the provisions for

the sale of the property under the first execution. In our judgment, if the sheriff's deed introduced in evidence is supported by the introduction of a judgment or judgments and an execution or executions thereunder which would have authorized the deed if the provisions of the law relating to the sale of the debtor's property under either one or many executions had been complied with, then the deed is *prima facie* proof of compliance with all provisions of the law necessary to make the deed a valid transfer of title from the defendant to the grantee in the sheriff's deed. If so, the deed here introduced was *prima facie* evidence that Mrs. Bocking acquired the title of Wasmuth to the premises in controversy, and her grantee, Kimmel, was entitled to recover the possession from Meier under the other facts above stated. Of course this sheriff's deed was only *prima facie* evidence, but it was not rebutted in this case. We therefore conclude the court erred in instructing the jury to find for defendant, and should have granted a new trial.

The judgment is therefore reversed and the cause remanded.