## George A. Boyne et al. v. Vandalia Railroad Company.

1. GARNISHEE—*what essential to valid judgment against.* In an attachment proceeding a judgment against the principal defendant is essential to the validity of an attachment against a garnishee served in such proceeding.

2. GARNISHEE—*what essential to valid judgment against.* By virtue of statute notice to the employer and the employed is required prior to the institution of garnishment by which wages are sought to be obtained. In the absence of the service of such notices a judgment should not be entered and such a judgment, if entered, is a nullity.

3. JUDGMENT—*when a nullity.* A judgment is a nullity unless it be for a specific sum mentioned in dollars and cents. The omission of the word "dollars" from the figures employed in the alleged judgment destroys its legal force.

Bill in chancery. Appeal from the Circuit Court of St. Clair county; the Hon. R. D. W. HOLDER, Judge, presiding. Heard in this court at the February term, 1906. Affirmed. Opinion filed September 14, 1906.

W. L. COLEY and A. C. JOHNSON, for appellants.

FORMAN & WHITNEL, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a bill in chancery by appellee against appellants, in the Circuit Court of St. Clair county, to restrain appellants from taking other or further steps to enforce the collection of an alleged judgment against appellee as garnishee.

The bill avers in substance, that on March 4, 1905, appellant Drake & Company commenced an attachment suit against one George F. Moseley, before appellant Boyne, a justice of the peace in St. Clair county, and summoned appellee as garnishee; that on March 11, the justice rendered a pretended judgment in the proceedings, in the words and figures following: "Plaintiff in court. Defendant fails to appear. Case called—

witnesses sworn—testimony heard and judgment is rendered against the defendant for forty-four and 45-100 and costs 750 and attachment sustained. Vandalia R. R. having failed to answer, a conditional judgment is rendered against said garnishee, the Vandalia R. R. Co., fifty-one and 95-100 dollars, and a *sci fa* issued returnable March 20, A. M.''; that *sci fa* was issued and returned, and on March 20 the justice entered the following: ''10 o'clock A. M. Plaintiff in court, garnishee the Vandalia Railroad Co. fails to appear or answer. The conditional judgment rendered against said Vandalia Railroad Co. on March 11, 1905, at 10 o'clock A. M. is therefore made final and judgment is rendered against said Vandalia Railroad Co. garnishee for the sum of fifty-one and 95-100 dollars, without costs;'' and on May 4, execution was issued against appellee, to Constable Thomas Peet (one of appellants) to serve, and that Peet is threatening to levy upon the property of appellee.

The bill further avers, that at the time the suit was brought against Moseley, he was a wage earner in the employ of appellee, and that he is the head of a family and residing with the same; and that no demand in writing was made upon either Moseley or upon appellee twenty-four hours previous to the bringing of said suit, and no such notice was filed with the justice. It is also formally averred that both the alleged judgment of Drake & Co. against Moseley and the alleged judgment against appellee as garnishee are void. A temporary writ of injunction was issued, restraining appellants from taking any further or other steps to enforce the collection of the alleged judgment against appellee.

Appellants entered their motion to dissolve the writ, and demurred to the bill for want of ''equity on the face of the bill.'' The court denied the motion to dissolve the injunction, overruled the demurrer to the bill; appellants elected to stand by their demurrer, and the court entered a decree making the temporary in-

junction perpetual. And appellants appealed to this court.

The relations existing between appellant Drake & Co. and appellee, as disclosed in the bill, are not such as to bring the case under section 7 of the Injunction Act, so as to bar appellee to any extent; for the reason that unless appellee is bound by the garnishee proceedings it is not bound at all to pay the debt that Moseley owed Drake & Co. or any part of it. It was in no sense appellee's debt at the time the suit was commenced, and appellee was not then "equitably bound to pay it." The obligation between Drake & Co. and appellee, if any exists, is purely a legal obligation, and whether such obligation does exist depends upon whether or not the garnishee judgment in question is a valid judgment. This is the sole question in the case. Section 10 of the Garnishment Act provides: "No final judgment shall be entered against a garnishee in any attachment proceedings until the plaintiff shall have recovered a judgment against the defendant in such attachment." This provision of the statute is mandatory. A valid judgment against the defendant in attachment is a mandatory condition precedent to a valid judgment against the garnishee. "The garnishee has a right to know and demand that it be properly proven, before final judgment is entered against him, that such judgment against the defendant in attachment in fact exists, and that the court had jurisdiction to render it." Flannigen v. Pope, 97 Ill. App. 263 (267); Pomery v. Rand, McNally & Co., 157 Ill. 176.

The entry in the justice's docket relied upon as evidencing a judgment in favor of Drake & Co. against Moseley is as follows: "Judgment is rendered against the defendant for forty-four 45-100 and costs 750." In a judgment for money, the sum must be specified in words or figures, with some mark or character designating the precise sum. Avery v. Babcock, 35 Ill. 175. "A judgment for 'four hundred and sixty-one and

53-100 damages' is not for any sum of money and is therefore a nullity." Carpenter v. Sherfy, 71 Ill. 427. From these authorities and others that might be cited to the same effect it is apparent that the alleged judgment against Moseley, the defendant in attachment, is absolutely void for uncertainty,—is a "nullity." And for want of a valid judgment against Moseley to support it, the alleged judgment against appellee as garnishee is a "nullity." This demands an affirmance of the decree of the Circuit Court.

Counsel insist that the judgment is void for a further reason, and we deem it not wholly improper to discuss that feature of the case. Section 14 of the Garnishment Act provides that before bringing suit of the character of suit brought by Drake & Co. against Moseley, where the defendant is a wage earner and the head of a family and residing with the same, a demand in writing shall first be made upon the wage earner and the employer, and that a copy of such demand shall be left with the wage earner and with the employer at least twenty-four hours previous to bringing such suit. And that such demand shall be filed with the justice before it shall be lawful to issue summons in such case or to require an employer to answer in any garnishee proceedings. And that any judgment rendered without such demand being served upon the wage earner and filed with the justice before the summons was issued "shall be void."

Where such demand has not been made and filed in such case, the judgment against the garnishee is a nullity. The right of garnishment is purely statutory, and it cannot be availed of except upon compliance with the prescribed conditions. They are mandatory requirements precedent to the exercise of the right. The bill alleges that in the case in question no such demand was either served upon Moseley or filed with the justice, and it avers that Moseley was a wage earner at the time the suit was brought and that appellee was his employer. And it further avers that he

"*is*" the head of a family and resides with the same. To avail of this statute he must have been the head of a family and residing with the same at the time the suit was brought. It is not enough that he was such when the bill in this case was filed, more than three months after the suit was commenced.

It is possible that the intention of the pleader when writing appellee's bill, was to use the word *was* instead of the word *is*, and that the use of *is* as it there appears is a clerical error. And it may also be true that the justice intended to write the word *dollars* after the words and figures he used in attempting to "enter up" appellant's alleged judgment against Moseley, and that his omission to do so was a clerical error, but if so, they are errors of such serious character that we are powerless to correct them in this proceeding. We must accept the record as it comes to us, and pass upon it as it is.

The decree of the Circuit Court is affirmed.

*Affirmed.*